Cornell *v.* Redrow.

Allen Cornell

*v.*

William Redrow.

[Filed July 30th, 1900.]

1. Where there was an agreement between complainant and defendant whereby complainant rendered services in the business of defendant, and received a certain sum per week as compensation and half of the profits, but there was no understanding that complainant should share in the losses, such agreement did not constitute a partnership.

2. Where complainant filed a bill alleging that a partnership had existed between him and defendant, and prayed for an accounting, a dissolution and the appointment of a receiver, and it appeared that there was only an arrangement whereby complainant was employed by defendant at a certain sum per week and, in addition thereto, half of the profits, complainant was entitled to a decree for an accounting.

3. Although complainant was entitled to an accounting, no costs should be allowed him if an account ordered to be served on him by defendant should be found to be correct, since, having been charged as a partner, defendant had an excuse for not accounting as an employer.

On bill, answer and proofs.

*Mr. William I. Garrison* and *Mr. Ulysses G. Styron,* for the complainant.

*Mr. William F. Rex* and *Mr. Frederick A. Rex,* for the defendant.

Grey, V. C. (orally).

The questions in dispute are, I think, sufficiently easy of solution to be determined at once. The bill alleges the existence of a partnership between the complainant and the defendant; that the complainant was by the defendant unjustly forced out of his rights in the enjoyment of the partnership, and the ascertainment of the profits which were to come to him as a

partner, and prays that the partnership may be declared void—
I presume that means that it may be dissolved—that an account-
ing may be had, and a receiver appointed; with a further prayer
that the defendant may be decreed to pay the balance found to
be due, and also a prayer for an injunction (which has never
been specially moved for), against the conduct of the business
by the defendant, and a further prayer for any general relief
to which the complainant may be entitled.

So far as there is any claim that there was a partnership, it
is manifest that the complainant has wholly failed to prove any
such relation.  There is no claim that the parties made any
written agreement on the subject.  The complainant says that
they did agree to enter into a partnership; the defendant ex-
plicitly denies that there ever was any such agreement or under-
taking.

No other proof supports the contention that there was an
agreement for a partnership.  This situation of the proofs would
defeat the complainant's right to a decree, because he had the
burden to show that there was a partnership.  There are other
incidents of proof which touch upon the question of partner-
ship, and all support the statement of the defendant that there
was no partnership agreement.  It is proved by both parties
that when the business association was commenced, all the prop-
erty stood and continued to stand in Mr. Redrow's name, and,
under the terms of the agreement between them, he was to
collect and hold all the moneys paid into the business.  The
complainant says because of a special agreement to that effect;
the defendant says because he alone was conducting the busi-
ness.  There is no dispute that the complainant was by the
agreement to receive a weekly payment of $5, and it is quite
evident that that sum was in the nature of compensation for
services, and not for an additional or greater share of the profits.
Mr. Cornell testifies that in addition to the $5 per week, it was
agreed that he should have one-half of the profits of the busi-
ness.  The defendant admits that Cornell was by the agreement
between them to have a share in the profits.  He does not name
what share, but he does not contradict Cornell's statement that
it was agreed to be one-half of the profits.  It should be taken

to be established that there was an agreement between these parties whereby Cornell was employed for a compensation to be rendered him of $5 per week, and also one-half of the profits, if any, arising from the conduct of the business.

But such an agreement does not in itself create between the parties the relation of partnership. The participation was not in the profits as such. The arrangement was simply a mode of ascertaining what compensation should be paid to an employe. The complainant made no proof that he was to share in the losses. When I asked him the question whether he was by the agreement to share in the losses of the business, it seemed to him an entirely novel proposition, which he had never before considered. His understanding evidently was that Redrow was carrying on the business at his own risk, and was to compensate him (Cornell) for his services by a weekly payment and a share of the profits, if any were made.

The testimony of the defendant is substantially to the same effect. This shows that there was neither in fact nor in law any partnership. The contract between the parties was that of employer and employe, and the arrangement as to profit sharing was, as stated, merely a mode of ascertaining the complainant's compensation.

Both sides agree that compensation was to be made to Mr. Cornell for his services, and that this compensation depended to some extent upon the profits of the business.

The law on the point is expounded in the opinion of Chancellor Zabriskie in *Hargrave* v. *Conroy, 4 C. E. Gr. 283,* who declares that a contract for the compensation out of a portion of the profits, of one who is not a principal, and has no control of the business nor power as a partner, does not make him a partner. On this point this case has been cited with approval by the court of appeals. *Wild* v. *Davenport, 19 Vr. 132.* In the case in hand, Redrow owned the property, kept the bank account in his own name, and carried on the business in his own name. The attempt to show that it was done for a few weeks in Cornell's name was a failure. Redrow discharged Cornell when and as he chose, and Cornell accepted his discharge.

All the facts proven go to show an employment and not an association as partners.

The complainant has failed to sustain his assertion of a right to an accounting because he and the defendant were partners. But the facts proven and admitted are sufficient under the general prayer to give the complainant a claim to equitable relief by way of discovery and the taking of an account to ascertain whether there were any profits which he is entitled to a share. *Hargrave* v. *Conroy, ubi supra, 284.* In that case it appeared on the face of the pleadings that the complainant had actually received all he was entitled to, and for that reason his bill was dismissed, but the right of a party whose compensation depended upon profit sharing to file a bill for an accounting to ascertain whether there were any profits, and how much, was distinctly asserted.

In *McAndrew* v. *Walsh, 4 Stew. Eq. 341,* the court of appeals referred to the opinion of Chancellor Zabriskie that one who has a contract for compensation by relation to a share of profits, is entitled to maintain a bill for an accounting in the first instance, without bringing an action at law, but inasmuch as the point was not raised by the case under consideration, the court of appeals did not decide the question. The opinion of Chancellor Zabriskie therefore stands as expository of the practice of this court, and is in my view a correct statement of the manner in which a party entitled to a definite share in the unknown profits of a business should proceed to obtain his rights.

Suing at law before ascertaining whether there were profits, and to what amount, his claim would lack the elements of certainty which the law courts require. An accounting of all the transactions of the business would be necessary, and this the mode of procedure in those courts is unfitted to accomplish.

In the case now before me it clearly appears that by the contract, the complainant was entitled to a share in the profits of the business. Mr. Redrow, who was the employer, was bound to pay his employe his share of the profits, and if that payment involved a statement of his business dealings, he was bound to have furnished his employe such a statement, to show whether there were any profits. That obligation was not satisfied by Mr. Redrow's remark to the complainant: "You can come and look at the books." The defendant has not yet rendered an

account which the complainant should be compelled to accept as a showing whether there have been any profits of the business.

Upon the whole case the complainant has failed to show any partnership, and as that constituted the gravamen of his bill, he should have no costs against the defendant up to this stage of the proceedings. The defendant having been charged in the bill as a partner, has some excuse for not having accounted as an employer under contract to share profits by way of compensation, and I will therefore retain the cause and give him a further day for such an accounting. If within thirty days from the date of an order to be made and served upon him or his solicitor, he shall serve upon the complainant or his solicitor an account showing the profits of the business, up to the time the complainant was discharged from his employment, or the fact that there were no profits, then the defendant, if his account is accepted or maintained, will not be subjected to costs. If he fails so to do, the matter will be sent to a master to state such an account, and costs will remain subject to the further order of the court.

There was a statement upon a little memorandum (*Exhibit C 1*) of some items of a stock of goods on hand on May 1st, to the total amount of $159.83. The ame item appears in one of the defendant's books under the head, "Mr. Redrow commenced business," &c. That memorandum (*Exhibit C 1*) and the entry, and the testimony all agree that the material mentioned was on hand at the time Redrow took the business, and that it had been the property of Mr. Cornell. Mr. Redrow's testimony does not say that this stock on hand was conveyed to him by the second bill of sale. It is not mentioned in that bill of sale, and Mr. Redrow in his testimony states that this stock remained on hand there and went into the business. Whether that means that that stock was sold and that the credits of the sale thereof went on Redrow's books and became his property I cannot say. It may have been that Mr. Cornell (who was in charge at the time, and continued to be for some time afterwards, with only an occasional visit from Mr. Redrow) sold that $159.83 worth of stock and retained the proceeds.

Mr. Rex—Mr. Redrow did not say that all he took possession

of was on that bill of sale. He said he took possession of that and this also.

The Vice-Chancellor—I will not pass judgment upon any of these possibly disputable matters. It may be that a statement of account may be rendered which the parties may voluntarily accept and thus end this litigation. I will advise an order such as is above indicated.