J. HOWARD COOMBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28774, 32875.   Promulgated September 26, 1930.

*S. Rusling Leap, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

1024

OPINION.

MURDOCK: The question to be determined is whether the petitioner is liable for tax upon the total net income derived from the J. Howard Coombs Lumber Co. in the years 1922, 1923, and 1924; or whether his wife properly reported one-half of such income as taxable to her. We will assume, as is contended by the petitioner, that the laws of New Jersey do not preclude husband and wife from entering into a valid agreement of partnership.

It is alleged in the petition, and recited in the written partnership contract, that the petitioner and his wife entered into an oral agreement of partnership in December, 1921. At the hearing counsel for the petitioner admitted that the date was erroneous, and that the true date of the alleged oral agreement was December, 1922. It is contended that under that agreement the business was to be considered as a partnership as of January 1, 1922.

In *Meehan* v. *Valentine*, 145 U. S. 611, the court defined a partnership as follows:

The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits.

It was held, and this is concurred in by the New Jersey courts, that the mere sharing of the profits of a business is not sufficient to establish a relation of partnership. See *Wild* v. *Davenport*, 48 N. J. L. 129; 7 Atl. 295; *Clayton* v. *Davett*, 38 Atl. 308; *Austin* v. *Neil*, 62 N. J. L. 462; 41 Atl. 834; *Jernee* v. *Simonson*, 58 N. J. Eq. 282; 43 Atl. 370; *Cornell* v. *Redrow*, 60 N. J. Eq. 251; 47 Atl. 56.

In *Wild* v. *Davenport, supra,* the court said:

* * * A person not actually engaged in the business as a principal, and not holding himself out as a partner, cannot be held for debts contracted in the business, as a dormant partner, unless in virtue of some contract, express or implied, on his part, in legal effect creating, as between him and the persons carrying on the business, the relation of principal and agent.

In *Austin* v. *Neil, supra,* the court made the following quotation from *Holmes* v. *Railroad Corp.,* 5 Gray (Mass.) 58:

* * * It is no longer true that receiving one-half the profits, or one-half the net profits, arising from articles manufactured and sold, or resulting from business in which one furnishes the stock in trade and another performs the labor, necessarily creates a partnership. It is always competent to look at the particular circumstances of the case, and ascertain thereby whether it may not be merely a compensation to a party for his labor and services, or for furnishing the raw materials, or a mill privilege, or a factory, from which the other is to earn the profits.

In the instant case the evidence fails to establish a valid oral agreement of partnership in 1922 or at any other time. It is true that in December, 1922, the petitioner told his wife that he was going to make her a partner, and that subsequently her account with the company, which had been carried on the books as a loan account, was changed to a capital account. On cross-examination, however, the petitioner's wife testified that she had always "had an interest in the business," and further testified that no different situation with respect thereto existed in 1922 and subsequent years than had existed previously. She testified that she "held herself out to the public" as a partner, but on cross-examination this testimony was weakened, and there is evidence tending to show the contrary to be true. In *James L. Robertson,* 20 B. T. A. 112, we said:

* * * When the taxpayer undertakes to avoid this tax, it is not too much to require his oral statement to be substantiated by evidence of facts and circumstances reasonably signifying that a partnership genuinely exists. This is especially true when the alleged partners are members of the same family and household. As in other cases where tax liability has been affected by close family relations, the statements, acts, and circumstances must all be considered and subjected to special scrutiny. *P. B. Fouke,* 2 B. T. A. 219.

See also *W. M. Buchanan,* 20 B. T. A. 210.

The evidence here fails to establish any agreement to share the losses of the business; or that a relation of mutual agency existed between the parties; or that the petitioner's wife had any authority

to act. or did act, in the name of the partnership. The written agreement came too late to affect the years before us. In any event, it contains at the most a recital of the conclusion that a previous oral contract of partnership was entered into, which conclusion was the subject of proof. It has not been substantiated by evidence sufficient to overcome the presumptive correctness of the Commissioner's determination. The case of *Arthur Stryker*, 17 B. T. A. 1033, and other cases cited by the petitioner, are distinguishable on their facts from the instant case.

> *Judgment will be entered for the respondent under Rule 50.*