FLORIDA CITIES BUS COMPANY, a Corporation *Plaintiff in Error,* vs. GAYLORD LEWIS and MIGNON E. LEWIS, his wife, *Defendants in Error.*

146 So. 96.

En Banc.

Opinion filed February 17, 1932.

Petition for rehearing granted as to Gaylord Lewis December 12, 1932; judgment of reversal reaffirmed February 17, 1933.

*Worley & Worley* and *Metcalf, Hiatt & Finch,* for Plaintiff in Error;

*Baker & White* and *Edward G. Newell,* for Defendants in Error.

## ON REHEARING.

BROWN, J.—This case is now before us on rehearing granted on the petition of Gaylord Lewis, one of the defendants in error.

On the original hearing, the judgment of the court below was reversed, on the authority of Grainger v. Fuller, 72 Fla. 57, 72 So. 462, for the error of the trial court in giving charge No. 1 requested by the plaintiff. As shown by the brief opinion rendered, the question of the excessiveness of the verdict or the sufficiency of the evidence to sustain the amount of the verdict in favor of either the husband or the wife, were not considered. It is true, there was a motion for a new trial, which the record shows was denied by the court below, to which ruling an exception was taken by the defendant, plaintiff in error here. However, the plaintiff in error did not expressly assign as error the order of the court denying the motion for new trial.

It is well settled in this jurisdiction that the sufficiency of the evidence to sustain the verdict will not be reviewed unless a motion for a new trial had been made and denied by the trial court and an exception taken to such

ruling. And we are inclined to the view that it is neces-
sary for the plaintiff in error to go a step farther, be-
fore the appellate court would be compelled to review
the question of the sufficiency vel non of the evidence to
sustain the verdict; that is, he should assign as error the
action of the trial court denying the motion for a new
trial, to which he had excepted to in the court below.
While no decision of this court has been cited to us in
this case in support of this rule, there are some expres-
sions in some of our decisions which indicate that if a
party decides to take advantage in the appellate court
of the denial of a motion for new trial in the trial court,
he should not only take his exception in the lower court,
and bring the same up by bill of exceptions, but he should
also .assign the same as error in this court. See the last
paragraph in the opinion in Alexander v. Rhine, 78 Fla.
313, 315, 82 So. 831; and see also McKinnon v. Lewis, 60
Fla. 125, 53 So. 940; Streeter vs. State, 89 Fla. 400, 104
So. 858; Johnson v. The State, 53 Fla. 42, 43 So. 430;
Sullivan v. Brown, 67 Fla. 133, 64 So. 455; and St. An-
drews Bay Lumber Co. v. Bernard, 143 So. 159, 160;
3 C. J. 1329 et seq.

In this case the wife and the husband sued for dam-
ages for personal injuries to the wife and also for dam-
ages sustained by the husband by reason of the injuries
to the wife, evidently relying upon Section 4226 C. G. L.,
for authority to embrace both causes of action in one
suit. There was one verdict and one judgment and one
writ of error. However, the verdict and judgment dealt
separately with the claims of the husband and the wife,
giving the wife $5000. and the husband $3000. damages.

While charge No. 1, for the giving of which the judg-
ment was reversed, deals with the measure of damages
allowable to the wife, the court was of the opinion that
the giving of this charge in connection with some other

expressions in the remaining portion of the court's charge, may have had an injurious effect upon the amount of damages awarded to the husband as well as to the wife, his damages being based upon the injury to his wife; and it being a single verdict and judgment and a single writ of error, the court deemed it proper to reverse the entire judgment.

There having been no assignment of error addressed to the denial of motion for new trial, this court did not base its former judgment of reversal on the sufficiency or insufficiency of the evidence. Nor did the court base its judgment of reversal upon the assignment of error going to the excessiveness of the verdict, although this may have been intended as an assignment of error to the order denying the motion for new trial, which motion for new trial raised that point. However, this assignment was not addressed to any ruling of the court and was not the equivalent of an assignment of error to the order denying the motion for new trial. But the size of the verdict rendered in favor of the husband would indicate to the court that the error in charge No. 1 as to the amount of damages allowable to the wife, taken in connection with some expressions in the court's general charge, was of such a nature as probably influenced the jury in allowing a larger amount of damages to the husband than they otherwise would have done. After reconsidering the case on rehearing, the court is inclined to adhere to its former views and judgment.

Former judgment of reversal reaffirmed on rehearing.

DAVIS, C.J., AND WHITFIELD, TERRELL AND BUFORD, J.J., concur.