THOMAS F. FAYTER and J. O. ETHERINGTON v. LOUISE SHORE, *et vir.*

153 So. 511.
Division A.
Opinion Filed March 2, 1934.
Petition for Rehearing Denied April 2, 1934.

116

*Snedigar & Baya,* for Plaintiffs in Error;

No appearance for Defendant in Error.

Davis, C. J.—This was a suit brought jointly by a husband and wife for personal injuries done to the wife. Included in the declaration was a claim by the husband for damages in his own right. A single verdict for $3,700.00 damages was found and judgment for $3,000.00, after a $700.00 *remittitur,* was entered thereon in favor of Louise Shore and her husband, Charles E. Shore, jointly. On writ of error to the judgment it is contended that it was error on the part of the court to receive a verdict and enter a judgment in general terms jointly in favor of both plaintiffs. No brief in support of defendant in error's recovery has been filed, so we are put to a disposition of the case in the light of such argument as we have had presented by the brief of plaintiff in error, coupled with our own investigation of such authorities as we have been able to search out and examine.

In Florida Cities Bus Co. v. Lewis, 107 Fla. 248, 146 Sou. Rep. 96, a similar case was brought here on writ of error, but in that case while there was but one verdict, the verdict and judgment for plaintiff dealt separately with the claims of husband and wife as to damages. But one writ of error was employed for review of that judgment, which was reversed as to both husband and wife for an error in a charge that related solely to the measure of damages allowable to the wife.

The inference to be drawn from the *rationale* upon which Florida Cities Bus Co. v. Lewis, *supra,* was considered here and disposed of, is that each cause of action allowed to be joined under Section 4226 C. G. L., 2586 R. G. S., where

the relation of husband and wife exists, is to be regarded as a separable controversy, and that commingling of recoveries for husband and wife in one verdict may be prejudicial and unauthorized.

In this case the verdict and judgment were in form as follows:

"Miami, Florida, January 13, 1933.

"WE, THE JURY, FIND FOR THE PLAINTIFFS AND ASSESS THEIR DAMAGES AT $3,700.00. So SAY WE ALL.

> "JAS. M. LANDIS,
> "Foreman."

## "FINAL JUDGMENT.

"This cause coming on this day to be heard upon plaintiff's motion for final judgment upon the verdict, and it appearing to the court that this court has jurisdiction over the subject matter of and the parties to this cause, and it further appearing to the court that on the 11th day of January, A. D. 1933, this cause having been regularly at issue upon plaintiffs' amended declaration, defendants' pleas, and plaintiffs' replication, a jury of six true and lawful men were duly sworn to try said issues of fact, and said jury having heard the testimony and evidence adduced at said trial in behalf of the plaintiffs and defendants, and having been instructed by the court upon the law applicable thereto, and said jury having returned a verdict upon said trial in words and figures as follows, namely:

"IN THE CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR DADE COUNTY. AT LAW.

"LOUISE SHORE, joined by her husband, CHARLES E. SHORE, Plaintiffs, v. THOMAS F. FAYTER and J. O. ETHERINGTON, Defendants. No. 14402.

VERDICT.

"Miami, Florida, January 13, 1933.

"WE, THE JURY, FIND FOR THE PLAINTIFF AND ASSESS THEIR DAMAGES AT $3,700.00. SO SAY WE ALL.

"(Signed) JAS. M. LANDIS,
"Foreman."

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that the plaintiffs, Louise Shore, and her husband, CHARLES E. SHORE, do have and recover of and from the defendants, Thomas F. Fayter and J. O. Etherington, the sum of Three Thousand Seven Hundred ($3,700.00) Dollars, lawful money of the United States of America, together with the costs of this suit hereby taxed against said defendants in the further sum of $23.65 and that execution issue therefor.

"DONE AND ORDERED at Miami, Dade County, Florida, this 24th day of January, A. D. 1933.

"WORTH W. TRAMMELL,
"Judge of the Circuit Court of the
Eleventh Judicial Circuit in and
for Dade County, Florida."

After the rendition of the verdict motion for a *venire facias de novo* was made by defendants below and overruled. This ruling forms the basis of the plaintiffs in error's sixteenth assignment of error.

At common law two modes were known to the common law for the re-examination of facts once tried by a jury, to-wit: the granting of a new trial and the award of a *venire facias de novo* on motion. The *venire facias de novo* is an ancient proceeding which was in use long before the practice of granting motions for new trials was brought into vogue. A *venire facias de novo* is always granted for

some error apparent on the face of the record, and embraces an improper or unauthorized verdict, although a motion in arrest of judgment is sometimes allowable to reach errors inherent in the verdict as a matter of law. Taylor v. State, 88 Fla. 555, 102 Sou. Rep. 884. The better practice is to resort to a motion for *venire facias de novo* when the only point relied on is the legal inconclusiveness or insufficiency of a jury's verdict that has been received and recorded in a case. See 20 R. C. L. 218 and cases cited.

While it has been recognized as good ground for awarding a *venire facias de novo* that a verdict for plaintiffs has inextricably commingled the recoveries allowed to a husband and wife suing jointly by authority of a statute for separate damages accruing to each party individually solely as a result of an injury to the wife (Ruebeck v. Hallinger [N. J.], 47 Atl. Rep. 56), the effect of Section 4501 C. G. L., 2814 R. G. S., is to preclude this Court, after the verdict of a jury has been received without objection made before the return and recording of the same, from reversing a judgment entered upon such verdict where it is not void nor wholly insufficient in substance, but is at most the result of an irregularity over which our statute of jeofails above referred to casts its curative protection.

There was no reversible error in denying the motion for *a venire facias de novo* under the circumstances hereinbefore discussed.

Plaintiff in error has argued several other propositions which, in the interest of brevity in this opinion, will be accorded no detailed discussion. It cannot be said as a matter of law that the verdict for $3,700.00 for damages for both husband and wife in the aggregate (less the $700.00 *remittitur* entered pursuant to order of the trial court) is so palpably excessive as to the $3,000.000 aggregate recovery left

standing, that reversal on that ground alone is warranted, so the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.