THE MIAMI JOCKEY CLUB v. FRANCES AIKEN, *et vir.*

163 So. 51.
Opinion Filed May 13, 1935.
On Rehearing September 21, 1935.

*McKay, Dixon & DeJarnette,* for Plaintiff in Error;
*Richard H. Hunt* and *Carlos L. Edwards,* for Defendants in Error.

BROWN, J.—This case is before the court on a writ of error from the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County. Suit was instituted in the Circuit Court of Dade County, Florida, on the 5th day of May, A. D. 1935, by "Frances Aiken, joined by her husband and next friend, William W. Aiken," against The Miami Jockey Club, a Florida corporation, seeking damages for an injury alleged to have occurred on the 23rd day of January, A. D. 1933, at Hialeah Park Race Track by reason of the negligence of one of the defendant's employees. The declaration alleged that on said date the plaintiff was a guest for hire of the defendant and that she leaned or stood against a metal fence, where she had a right to be, and that one of the defendant's employees or servants, acting within the scope of his employment, without warning or notice to the plaintiff, negligently pushed a metal gate into and against the plaintiff and that as a direct and proximate result of the defendant's carelessness and negligence plaintiff received divers wounds, as well as a crushed

or shattered forearm and hand, and that as a result the plaintiff would be wholly unable to pursue her employment as an expert dining room and restaurant waitress. Plaintiff sought to recover $50,000 damages for said injuries, the declaration being in two counts for Frances Aiken.

To this declaration William W. Aiken, husband of Frances Aiken, added two counts seeking to recover $5,000 for hospital bills, etc., to reimburse him for expenses incurred as a result of the alleged negligence of the defendant. William W. Aiken added two other counts to the declaration seeking to recover $10,000 for loss of his wife's services, companionship, and so forth, as a result of the alleged negligence of the defendant.

To this declaration the defendant filed a plea of not guilty and two pleas of contributory negligence.

The jury found two separate verdicts, one for the plaintiff, Frances Aiken, in the sum of $4,750.00 and the other for the plaintiff, William W. Aiken, in the sum of $1000.00, and the entry of judgment dealt with the matter accordingly, rendering separate judgments for each plaintiff, though contained in one order or judgment which was entirely proper.

In behalf of plaintiff in error it is contended that the judgment is void because the husband is not a party to the suit in his own right, having been joined in the suit as "husband and next friend." This question was not raised in the court below. It is true that the use of the words "and next friend" were inappropriate and unnecessary. In actions at law, the husband must be joined as a co-plaintiff with the wife in all suits to enforce the personal or property rights of the wife, not as next friend, but as husband. And though the declaration should show that the suit is brought to enforce some right of the wife, damages may

ordinarily be claimed in the name of both plaintiffs. Edgar v. Bacon, 97 Fla. 679, 122 So. 107.

. Thus in this case it would have been more appropriate to have brought the suit in this fashion: "Frances Aiken and Wm. W. Aiken, wife and husband," or Frances Aiken, joined by her husband, Wm. W. Aiken." It is only in equity that a married woman sues by "next friend." But as pointed out in Edgar v. Bacon, *supra,* a defect of this particular nature is an amendable one, and hence one that can be waived by the defendant. It cannot ordinarily be raised for the first time in the appellate court.

. Plaintiff in error further contends that from the caption and the way the suit is brought, this is a suit by the wife alone and that the husband is not a party plaintiff, being joined merely as "husband and next friend." Neither was this question raised in the court below, but our view is that after the verdict and judgment, the words "and next friend" will be treated as mere surplusage, where no objection had theretofore been made, and that the action might then be properly held to be one in which both the wife and the husband are plaintiffs, especially in view of the provisions of Section 4226 C. G. L. of 1927. At least, this objection comes too late when made for the first time in the appellate court.

. The plaintiff in error does raise a jurisdictional question, which, while not raised in the lower court, is of a kind which may be raised here. That is, that the husband added in the declaration two counts for damages claimed by him in his own right, growing out of the injury to the wife, each of them for an amount less than the minimum jurisdictional amount cognizable by the Circuit Court. In other words, two of the four counts interposed by the husband each claimed damages to him in the sum of $5000.00,

548

whereas the Civil Court of Record has jurisdiction of suits for $5000.00 or less, thus depriving the Circuit Court of jurisdiction of actions at law for that amount. However, the husband had two other counts in the declaration, each of them claiming damages in the sum of $10,000, thus being within the jurisdiction of the circuit court, and we cannot say with any certainty under which of these counts the verdict and judgment were rendered. Plaintiff in error contends that the verdict in favor of the husband must have been rendered under counts three and four, claiming damages of $5000.00 each for the hopsital bills, medical and doctors' bills and other expenses, which he had been forced to expend and would be compelled in the future to expend for his wife's treatment as a consequence of the personal injuries received by her, to which counts a bill of particulars in the sum of $5000.00 is attached and which bill of particulars includes an actual expenditure of hospital, medical and doctors' bill amounting to $1,000.00. Therefore it is contended that the jury must have found for the husband under counts three and four, which sued for sums only within the jurisdiction of the civil court of record. This is plausible, to say the least, but the verdict of the jury did not specify, of course, the particular items of damages, or the particular counts of the declaration, which they had in mind when they rendered their verdict in behalf of the husband for the sum named. And we would be going into the realm of conjecture to accept plaintiff in error's argument in that regard. Counts five and six of the declaration, included therein in behalf of the husband, claim the usual damages alleged in suits of this kind for loss of the wife's services and expense of employing a servant to do household tasks which his wife had formerly performed, loss of companionship and future services, etc., resulting from the

wife's injury, each alleging damages in the sum of $10,000.00.

We think that this makes it unnecessary for us to decide the jurisdictional question raised here. The question thus presented is interesting and has been ably argued by counsel for both sides. On behalf of plaintiff in error it is contended that the husband's cause of action is separate and apart from that of the wife, for which he could have brought an independent suit, omitting his claims from the present suit. See 13 R. C. L. 1416; So. C. J. 697. It is further contended that this court has held that where the husband and wife sue jointly for damages arising out of the wife's personal injury, each cause of action is deemed a separable controversy, and the commingling of recoveries in one verdict may not be authorized. Citing Fayter v. Shore, 114 Fla. 115, and Florida Cities Bus Co. v. Lewis, 107 Fla. 248, 146 So. 96. However, it was held in the Fayter v. Shore case that where the verdict commingling the recoveries is received without objection, this court cannot reverse the judgment entered thereon, and such judgment is not void but at most the result of an irregularity over which our statute of jeofails, Section 4501 C. G. L., casts its curative protection. In behalf of defendants in error, it is claimed that the effect of Section 4226 C. G. L., is to permit the husband to add claims in his own right in any action brought by a husband and wife for an injury done to the wife, in which she is necessarily joined as coplaintiff, provided, of course, that the court in which the action is brought has jurisdiction of the amount of damages claimed for the injury done to the wife, and that where such jurisdiction exists, it makes no difference, so far as the jurisdiction of the court is concerned, if the claims added by the husband in his own right, are for an amount less than

that of which the court has or would have jurisdiction if the husband had brought an independent and separate suit for such claims. In other words, that the effect of Section 4226 absolutely meets the contention made by the plaintiff in error as to the jurisdiction of the court over the husband's claim. And of course, it is further contended that the point is not material here on account of the fact that two of the counts setting up claims in behalf of the husband were confessedly within the jurisdiction of the Circuit Court, even if they had been sued on separately.

The next point contended for by plaintiff in error is that the court erred in charging the jury as follows:

"In this case the plaintiff, among other things, sues for compensation for loss of future earnings. If you find for the plaintiff, the future earnings sued for should be awarded according to their present money value."

It is insisted that this charge was prejudicial error, as it is the only portion of the court's charge which dealt with this particular feature of the case. This charge was excepted to and the point is duly presented for our consideration.

Defendant in error contends that when this charge is considered in connection with the court's charge as a whole, it is not erroneous and did not mislead the jury; that if the jury had understood the court to charge them that if they found in favor of the plaintiff, Frances Aiken, they should award her the future earnings sued for, according to their present money value, the jury would have found a much larger verdict.

In her bill of particulars, the plaintiff wife included among other things, $800.00 for actual loss of earnings already lost, and $15,000 for future loss of earnings; also $10,000 for physical and mental pain and suffering, etc.

Defendant in error insists that the size of the verdict rendered in behalf of the wife shows that the plaintiff in error was not prejudiced by this charge; that the jury must have understood the court to mean "future earnings sued for," and proven.

But the fact remains that the court erroneously charged the jury that if they found for the plaintiff, "the future earnings sued for should be awarded according to their present money value;" thus in effect telling them that the future earnings sued for were supported by the evidence and if they found for the plaintiff that "future earnings sued for should be awarded." An inspection of the court's charge as continued in the record bears out plaintiff in error's contention that this was the only part of the court's charge which dealt with that phase of the case. It is impossible for us to say what effect this charge had on the amount of the jury's verdict, but the giving of it constituted an error of a prejudicial nature and tendency. It did not go to the question as to whether or not the plaintiff wife was entitled to recovery in the case, but it merely went to the matter of that item of damages claimed which is referred to in the charge.

The charge should also have been limited to such damages as the evidence "makes reasonably certain will result from the injury sustained." Grainger v. Fuller, 77 Fla. 57, 72 So. 462.

Another assignment of error is that the court erred in instructing the jury to disregard certain testimony given by the witness Haverl. While we are not clear in our minds that the court was entirely correct in this ruling, we hardly think it would have constituted reversible error if excepted to, but it has been made to appear by a certificate of the trial judge amending the bill of exceptions, accompanied by

a motion to this court to permit the filing of such certificates here and the making of an order by this court correcting the transcript of the record as to harmonize with the original bill of exceptions as corrected by the court below, that this ruling was not excepted to by the defendant on the trial in the court below, and the transcript here will therefore stand corrected in this respect. This makes it unnecessary for us to determine whether this ruling of the court was error, or error of a prejudicial nature.

As the error above pointed out in the court's charge with reference to loss of future earnings goes only to the amount of damages, the judgment of the court below will be reversed in respect only as to the amount of damages allowed to the wife and the cause remanded for a new trial on that issue alone.

The judgment in favor of the plaintiff husband is hereby affirmed and the judgment in favor of the plaintiff, Frances Aiken, is reversed for a new trial on the question of the amount of damages which should be awarded to her, and on this question alone.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., dissents in part.

BUFORD, J. (dissenting in part).—I do not think the charge which is made the basis of reversal of the judgment in favor of Frances Aiken is such a misstatement of the law as to constitute reversible error when taken in connection with all the facts and circumstances of the case.

## ON REHEARING.

PER CURIAM.—After oral argument and due consideration upon rehearing a majority of the court hold to the view that our former opinion and judgment in this case

should be adhered to. The judgment as entered on the original hearing will therefore stand as

Reaffirmed on rehearing.

WHITFIELD, C. J. and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.