JAMES HULL, trading and doing business as C. & H. TRANSFER & STORAGE COMPANY, v. JEWELL K. LAINE, suing by her husband and next friend, V. M. LAINE.

173 So. 701.

Opinion Filed March 4, 1937.

Rehearing Denied April 24, 1937.

434

*Charles A. Morehead, C. F. Farrington* and *Robert J. Davis,* for Plaintiff in Error;

*McKay, Dixon & DeJarnette,* for Defendant in Error.

DAVIS, J.—Defendant in error has not favored us with a brief in this case. So this Court has been forced to consider this writ of error upon the arguments and contentions advanced by the plaintiff in error alone, as supplemented by our own research of the record to ascertain the applicability of the plaintiff in error's arguments to the proceedings reflected in the transcript.

It appears that this was a suit wherein plaintiffs below, husband and wife, recovered damages for personal injuries inflicted upon the person of the wife as the result, so it is claimed of the pleaded negligence of the defendant in his

allowing to become stalled on the highway, and leaving improperly parked there in the night time in violation of State law, a certain motor truck into which crashed and collided a certain passenger automobile driven by one Robert S. Powell, in which passenger automobile Mrs. Laine at the time was riding as a passenger.

Both the injured plaintiff and her husband were allowed recoveries by separate verdicts returned in the court below, the verdict for the wife being for $3,000.00 damages, and the verdict for the husband being $2,000.00 damages. Appropriate separate judgments on each of the verdicts was subsequently entered. Both of such judgments have been brought here by a single writ of error. Ninety-four assignments of error have been predicated thereon.

It is first contended that the separate verdict and judgment in favor of the husband is erroneous because of the manner in which the husband's claim for damages is laid in the declaration. Section 4226 C. G. L., 2586 R. G. S., provides that in any action brought by a man and his wife for an injury done to the wife, in respect of which she is necessarily joined as co-plaintiff, the husband may add thereto claims in his own right.

The action was properly brought in the name of Jewel K. Laine, suing by her husband and next friend, V. M. Laine. However, the declaration contains no "claim" of injury to the husband, as such, nor does it give any notice in the plaintiff's pleading of any demand on the husband's part *qua* husband for damages in his own right that would be recoverable by the husband in his wife's action, under authority of Section 4226 C. G. L., *supra*.

In the cases heretofore considered by this Court in connection with said Section 4226 C. G. L., *supra,* the precise point now raised has not heretofore been passed upon.

See: Florida Cities Bus Co. v. Lewis, 107 Fla. 248, 146 Sou. Rep. 96; Fayter v. Shore, 114 Fla. 115, 153 Sou. Rep. 511; Walker v. Smith, 119 Fla. 430, 161 Sou. Rep. 551; Miami Jockey Club v. Aiken, 120 Fla. 544, 163 Sou. Rep. 51.

Section 4226 C. G. L., 2586 R. G. S., is a special law remedial in purpose, but in derogation of the common law methods of procedure for recovery of damages by different persons not entitled to sue jointly, except for the statute. It is therefore essential that before judgment can be entered on a "claim" by a husband in his own right asserted under the statute in connection with a suit by his wife for an injury done to such wife, some basis for the asserted "claim" of the husband must be laid in the declaration, not only for the purpose of reasonably apprising the defendant of such an issue, but for the purpose of enabling the defendant to plead *res adjudicata* with respect to such "claim" should it be reasserted and relied on in some other proceeding.

Where a verdict has been returned by a jury upon an issue not made in the declaration, or for a cause of action, or separate statutory claim for which no basis of recovery has been laid in the declaration by appropriate pleading in cases where special pleading of such separate statutory claim is essential to a recovery, a motion in arrest of judgment upon such verdict should be sustained when moved for by defendant, whereupon a judgment of repleader as to such cause of action, or separate claim involved, should be awarded as an incident to such arrest of judgment.

A motion in arrest of judgment is based upon errors appearing upon the record. In practice it generally follows the denial of a motion for a new trial, and lies only for defects apparent upon the face of the proceedings (up to and

including the verdict where a trial has been had) that would render a judgment on the record proper (including the verdict) erroneous and reversible if entered. It should ordinarily be made before judgment is entered and at the same term of court.* When a motion in arrest of judgment is granted, the plaintiff is not compelled thereby to bring a new suit, if the first writ of summons shall be sufficient, but the court should order, as a part of its judgment granting the arrest that the pleadings shall commence with the error that caused the arrest, and thereupon go forward as upon a repleader. See Section 4502 C. P. L., 2815 R. G. S.

So the motion in arrest of judgment upon the verdict in favor of V. M. Laine, the husband, should have been granted for the omission of any sufficient *claim* therefor in the declaration, and a repleader directed pursuant to such arrest of judgment, in accordance with Section 4502 C. P. L., *supra.*

After six jurors had been seated in the jury box, plaintiff's attorney moved the court for permission to specially interrogate them concerning their connection with automobile liability insurance companies, upon the ground that counsel had been informed and believed that the defendant in the case was protected by such insurance. To this the defendant objected.

That such request was in good faith and proper to be allowed is amply supported by what developed as a result of the examination the court permitted to be made pursuant to the request. Upon such examination it was not only admitted by one of the panel of jurors that he was a representative of some eleven insurance companies in Miami, but that at the time of the collision in suit, he took flash light pictures of the scene immediately after the collision occurred, and in so doing was acting as an insurance ad-

*But see Section 4500 C. G. L., 2813 R. G. S.

juster for one of his companies in thus endeavoring to get information.

Thus the request of plaintiff's counsel was in no sense an indirect or covert effort on the part of plaintiff's counsel to prejudice the jury by injecting into the case an impression that an insurance corporation, and not the individual defendant being sued, would bear the burden of any judgment recovered. It follows that the injury being germane to a proper qualification of the jurors, as the record later developed, the procedure had was not error under the circumstances. See: Ryan v. Noble, 95 Fla. 830, 116 Sou. Rep. 766.

The remaining questions argued may be said to be questions depending upon the weight and sufficiency of the evidence to make out a case of actionable negligence under the issues raised by the pleadings. We find nothing in the record to warrant a reversal of the judgment rendered in favor of the wife, solely on the contention that the evidence is inadequate to sustain the verdict. On the contrary, the probative weight of the evidence is such as to show negligence on defendant's part in leaving an unlighted, or at least an insufficiently lighted, stalled truck on a much travelled public highway in the night time, there to constitute a menace to others whom the defendant knew, or ought to have known, might at any time crash into it unless properly safeguarded or moved off the traveled portion of the roadway.

The evidence does not make out a case of common enterprise between the driver and the injured plaintiff. So the question of contributory negligence of the driver, if any, is not to be considered on this appeal. At most, the question below was one for the jury, and was decided against de-

fendant on that issue under circumstances not justifying reversal.

We find no error in the charges to the jury on the subject of contributory negligence as affected by sudden peril. Persons placed in sudden peril by the negligence of others are not held to the same degree of presence of mind and carefulness which is justly required under ordinary circumstances, and the court correctly so informed the jury in appropriate language.

Affirmed as to judgment for Jewel B. Laine.

Reversed as to judgment for V. M. Laine with directions to grant motion in arrest of judgment and have appropriate procedure thereon.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I concur in holding that the motion in arrest of judgment should have been granted, but I do not think a repleader should be ordered, at least in so far as the husband is concerned. Not only did the declaration fail to allege any basis for allowance of damages to him, but he was not even a party plaintiff (See Sec. 4502, C. G. L). Indeed, the wife herself was not made a party *plaintiff,* if the law be strictly followed. A married woman, in cases of this kind, cannot sue unless her husband be *joined* as a co-plaintiff with her. This was not done. Miami Jockey Club v. Aiken, 120 Fla. 544, 163 So. 51. But this was probably an amendable defect, as she attempted to sue "by her husband and next friend."

It was all right to qualify the jurors on *voire dire* as to their connection with insurance companies, but the statement should not have been made, in the presence of the jurors,

that plaintiff had been informed that the defendant was protected by insurance. This was not necessary. See Ryan v. Noble, 95 Fla. 830, 116 So. 766, and several later cases following that case.