99 So.2d 871 (1958)
RED TOP CAB & BAGGAGE COMPANY, Inc., a Florida corporation, Appellant,
v.
Charles Thomas GRADY, Appellee.
No. 57-214.
District Court of Appeal of Florida. Third District.
January 13, 1958.
Rehearing Denied February 11, 1958.
Brown, Dean, Adams & Fischer, Miami, for appellant.
*872 Nichols, Gaither, Green, Frates & Beckham, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
Appellant, the defendant in an action for damages for personal injuries in the Circuit Court for Dade County, seeks reversal of an adverse judgment.
Three points are relied on for reversal: (1) the trial court's refusal to appoint two doctors rather than one to examine the plaintiff; (2) a claim that the verdict against defendant was improperly influenced or induced through permitting the testimony of a neurosurgeon produced on behalf of the plaintiff, who had examined the plaintiff before trial for the purpose of giving such testimony; and (3) the claim that the verdict rendered was excessive in amount.
On the first point, at the time the motion was made in the lower court on behalf of the defendant for appointment of a doctor, it was disclosed that the plaintiff intended to produce the testimony of an orthopedic surgeon or surgeons, and it became known at the hearing that plaintiff's counsel intended to have a neurosurgeon examine the plaintiff and testify in the case. Defendant then requested that the court appoint both an orthopedist and a neurosurgeon to examine plaintiff before trial. Defendant's counsel stated the purpose of the request was so that defendant would have comparable medical testimony to that offered by plaintiff in both specialized fields.
The court refused to appoint more than one doctor on defendant's motion. It was disclosed at the hearing that a back injury to the plaintiff was involved. The court gave defendant's counsel his choice as to whether the court should name an orthopedist or a neurosurgeon. Under those circumstances defendant's counsel requested appointment of an orthopedist, which was done.
Such appointments, authorized and made under 30 F.S.A. Rule 1.29, Florida Rules of Civil Procedure, are discretionary. See Atlantic Coast Line R. Co. v. Dees, 56 Fla. 127, 48 So. 28, 30; Depfer v. Walker, 123 Fla. 862, 125 So. 189, 169 So. 660, 662; Martin v. Tindell, Fla. 1957, 98 So.2d 473, 475. The matter thus presented to the trial court in this case was within its sound discretion, and no abuse of that discretion has been shown.
What has been said above with reference to the first point makes it unnecessary to discuss the second point, which we find is without merit.
On the third point, claiming the verdict is excessive, counsel for appellee argue that the question is not before the court because it is not based on a proper assignment of error.
As required by 31 F.S.A. Supreme Court Rules, rule 36, subd. 6(d), the appellant in stating the third point in the argument portion of its brief designated the specific assignments of error relied on to support the point, being assignments of error numbered 3, 4, 5, 6 and 7, reading as follows:
"3. The verdict and judgment are contrary to the manifest weight of the evidence
"4. The verdict and judgment are excessive under the facts and evidence.
"5. The verdict and judgment are so excessive and contrary to the facts and evidence as to clearly indicate that the jury was either acting with passion or prejudice or that the jury was acting without full knowledge as to the application of the law and charges of the Court.
"6. The verdict and judgment are contrary to the law.
"7. The Court's instructions to the jury, when considered in their entirety and in the light of the jury verdict, *873 were either confusing to or were not understood and correctly applied to the facts by the jury."
Of the foregoing assignments of error, it will be seen that all except number seven (which deals with the charges) cover the weight or sufficiency of the evidence to sustain the verdict or the amount of the verdict.
Assignments of error directed to a verdict, or to a judgment entered on and pursuant to a verdict, can not support questions involving consideration of the sufficiency or weight of the evidence, because "the sufficiency or weight of the evidence or the [excessiveness] of the verdict are proper subjects to be dealt with by a motion for new trial and an order thereon." Jarkesy v. Daniels, Fla. 1952, 58 So.2d 516, 517. An assignment of error should not be directed to the verdict, but to some action of the court with reference to the matter complained of.
The rule, which is well settled in this state, that a question of sufficiency of the evidence to sustain a verdict will not be considered on appeal unless first raised on a motion for new trial and then appropriately assigned as error thereunder, has been held to be applicable to a question of excessiveness of a verdict, where the latter necessarily involves a consideration of the weight or sufficiency of the evidence to sustain such verdict or the amount thereof. See Florida Cities Bus Co. v. Lewis, 107 Fla. 248, 146 So. 96, and cases cited there.
There was a motion for new trial in this case, which included a ground that the verdict was excessive. Also, the appellant's eighth assignment of error stated "the court erred in the entry of its order on defendant's motion for new trial." However, the appellant did not claim the eighth assignment of error as support for its third point relating to excessiveness of the verdict. Even had it done so, that would have been insufficient support for the point, because it is in blanket form and fails to specify the ground involved or relied upon. Supreme Court Rule 32 (which was applicable at the time of this appeal, and of which Rule 3.5(c) of Florida Appellate Rules is the present counterpart) provides that where the errors are based on a ruling on a motion for new trial the grounds relied on must be pointed out.
With reference to assignment of error number seven quoted above, which was one of the assignments relied on to support appellant's third point relating to excessiveness of the verdict, and under which it was contended that the court's charges considered in their entirety confused and misled the jury in arriving at their verdict, we have examined the charges as disclosed by the record-on-appeal and do not find wherein they bear out such assignment of error. The assignment of error refers to the charges in their entirety, and does not specify the parts or matters complained of therein as contemplated and required of an assignment relating to charges under Supreme Court Rule 32; nor were those matters outlined or discussed in the portion of the appellant's brief devoted to argument on the point.
It follows that the third point was not supported by a proper assignment of error as required for its consideration. See Redditt v. State, Fla. 1955, 84 So.2d 317; Vaughn v. Smith, Fla. 1957, 96 So.2d 143.
Affirmed.
HORTON and PEARSON, JJ., concur.

On Petition for Rehearing
PER CURIAM.
The petition for rehearing calls attention to an inaccurate statement this court made concerning the record, in the opinion dated January 13, 1958.
One of the questions determined was whether the trial court's denial of defendant's request for the appointment of a neurosurgeon in addition to the requested appointment of an orthopedic surgeon to examine the plaintiff before trial, constituted *874 harmful error. The statement appearing in this court's opinion which was inaccurate was as follows:
"The court gave defendant's counsel his choice as to whether the court should name an orthopedist or a neurosurgeon. Under those circumstances defendant's counsel requested appointment of an orthopedist, which was done."
It would have been more accurate for this court to state that the trial court gave defendant's counsel an opportunity to state the type of doctor to be appointed and that defendant's counsel suggested appointment of an orthopedic surgeon, but that in addition to that main request, defendant's counsel also requested the appointment of a neurosurgeon, and that the court refused to appoint more than one, and appointed an orthopedist, which was the first type doctor requested by defendant's counsel.
We do not consider this difference to be of any significance in the case, or to affect or alter the decision of this court.
For the purpose of clarity we here include the entire discussion of the matter between counsel and the trial court as it appears on pages 35 to 37 of the transcript of record.
"The Court: All right.
"What about the motion for a physical examination? Are you opposed to that?
"Mr. Spence: No, sir, I do not oppose that.
"The Court: What type of doctor?
"Mr. Fischer: Mr. Spence informed me that this man has recently had a fusion of the back. So, I assume it is an orthopedic problem. In fact, he has just been out of the hospital a few weeks.
"Mr. Spence: I ought to tell the Court the doctors who are in the case, so you can pick somebody we do not have.
"The man has been treated and operated on by Dr. Rahilly of Fort Lauderdale, who removed a disc in his back and fused the man's back.
"He was seen by some general practitioners who are not orthopedist people, and he has only been out of the hospital about a week, Judge, from this operation. We have scheduled for him two other doctors to examine him at our request, Dr. Christian Keedy and Dr. Silverstone of Miami. That leaves a number of other people available.
"Mr. Fischer: That leads to one other request, Your Honor. If they are going to have the man examined by Dr. Keedy, who is a neurosurgeon, then I would like my motion to include an appointment of not only an orthopedist, but a neuro-surgeon, so we will have comparable testimony. As I understand it, up to this time, as of this date, he has not been examined by a neuro-surgeon, but will be before trial.
"So, I want to make that addition.
"Mr. Spence: We would, of course, object to that, Judge. I do not think they are entitled to have a doctor matched by a doctor.
"The rule says, and we are travelling under the rules, that they are entitled to a doctor to make an examination of the physical findings of the plaintiff before trial.
"The Court: Let the record note I am appointing Dr. Leon H. Mims, orthopedist, to examine this plaintiff.
"I will not appoint any other physicians at this time."
On making the correction above indicated, and after consideration of other points raised in the petition, this court's opinion filed January 13, 1958, is adhered to, and the petition for rehearing is denied.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.