## ADJMI v. AMERICAN EXPRESS CO.
### No. 1922.

Circuit Court, Dade County, Civil Appeal.

November 12, 1959.

Richard A. Pettigrew, Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for plaintiff.

Breger & St. Jean, Miami Beach, for appellee.

RAY PEARSON, Circuit Judge.

This is one of two appeals from judgments of the justice of the peace court in and for Dade County, district 5, Honorable Malvin J. Englander, Judge (small claims court, district 5) in the amount of $100 plus $6 costs. Since the two cases below were tried together this opinion shall be applicable to both cases.

The plaintiff below sued on two $100 American Express Company traveler's checks bearing numbers R3498427 and R34699857, which he obtained along with another traveler's check of the same amount from a customer in payment for merchandise. According to plain-

tiff's testimony at the trial, the customer who was a stranger to plaintiff, presented the checks along with identification, and signed them before plaintiff on the line provided in the lower left hand corners of the checks, and plaintiff testified the signature appeared to him to be the same as the signature of the purchaser in the upper left hand corner. The transaction took place at the Dresden Galleries which is the plaintiff's gift shop located at 225 Lincoln Road, Miami Beach.

American Express Company filed an answer in each cause in which it denied liability and asserted as an affirmative defense that the countersignature of the original purchaser of the traveler's check, Maurice Germain, was forged. While the countersignatures were similar to the genuine signatures of Maurice Germain appearing in the upper left hand corner of the instruments, he testified that they were not his and that the two checks were among a group having the value of $1,850 which were either stolen from him or lost by him while vacationing in this area in February of 1958. At the time Mr. Germain purchased the checks he had signed on the signature line appearing in the upper left hand corner of the checks. At the time they disappeared the countersignature lines were blank.

The plaintiff below did not contest the fact that the signatures were forged. The trial judge at the conclusion of the testimony found for the plaintiff, explaining that — "I have no doubt in my mind of this fact, that these checks are forgeries. However I don't know who put those forgeries on there. There is the plaintiff's testimony with respect to the fact that he received them in the course of trade, asked for identification and received same, and there is no way of contradicting his evidence, given under oath, that he saw a driver's license. I can only assume that the merchant used proper care as he would have with any negotiable instrument of this nature."

On this appeal American Express contends that section 674.25, Florida Statutes 1957, governs the rights and liabilities of the parties. That section of the Florida Negotiable Instruments Law prohibits recovery by a holder who is claiming through or under a forged signature.

To sustain the verdict, appellee invokes the equitable principle that when one of two innocent parties to an action on a negotiable instrument negligently enables a third person to occasion the loss, then that party must sustain the loss. See 8 Am. Jur., Bills and Notes, section 345. Appellee further contends that American Ex-

press is liable for the alleged negligence of Maurice Germain, the purchaser of the checks from American Express, he having allowed the checks to be lost or stolen. In reply to the latter contention appellant contends that since Mr. Germain was not the agent, servant or employee of American Express, any negligence of Mr. Germain is not imputable to the company.

A traveler's check is a negotiable instrument and consequently the rights and liabilities of parties thereto are governed by the law of negotiable instruments. Emerson v. American Express Co., 90 A. 2d 236 (D. C. M. App. 1952). The law governing endorsements and transfers and the consequent rights of holders of negotiable instruments is the law of the place of transfer or endorsement. 11 Am. Jur., Conflict of Laws, section 148, page 441. Since the transfer of the check to the plaintiff, by reason of which he claims title to the instrument and the right to payment thereon, occurred in Florida, the Florida Negotiable Instruments Law controls in the instant case. Section 674.25, Florida Statutes 1957, which is identical with section 23 of the Uniform Negotiable Instruments Act, provides —

"Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

Under the plain terms of this statute, a holder is barred from enforcing a claim on a negotiable instrument "through or under" a forged signature on the instrument. It is immaterial that the holder of the forged instrument may have had identification papers exhibited to him by the forger or may have honestly or reasonably believed that the forged signature was bona fide. Since the plaintiff below was claiming through or under the admittedly forged countersignature of Maurice Germain, he is therefore barred from recovery in this action unless American Express was "precluded" from raising the defense of forgery. Plaintiff contends that defendant is so precluded by reason of the alleged negligence of Germain, the purchaser of the checks, in losing them or having them stolen from him.

The word "precluded" as used in the cited section is synonymous with estopped. See discussion in volume 7, Miami Law Quarterly, page 269, (Spring 1953). The plaintiff had the burden of proof of showing that the defendant, American Express, was so precluded or estopped from raising the defense of forgery. Beutel's Brannen, Negotiable Instruments Law (7th ed., 1948), section 23, page 467. Plaintiff has not sustained this burden.

The record shows with respect to the disappearance of the checks that Mr. Germain went to Jai Alai and when he returned to his motel discovered that the booklet containing the checks had disappeared. He did not know what happened to them. Counsel for the plaintiff did not cross-examine or otherwise attempt to show that the checks were stolen from him or lost by him due to his own negligence. Upon discovering the loss of the checks, Mr. Germain notified American Express Company. Thus, there was no evidence of negligence on the part of the purchaser, Germain, but even if there had been, as a matter of law the purchaser's negligence could not be imputed to the issuer of the traveler's check so as to preclude the issuer from setting up the defense of forgery.

At the conclusion of oral argument of this appeal, the appellee orally renewed his motion to dismiss on the ground of the inadequacy of the assignments of error, relying principally on Red Top Bag and Baggage Co. v. Grady, 99 So. 2d 871 (1958). That case simply holds that to preserve the question of the excessiveness of a verdict, an appellant must have moved for new trial on that point, have assigned the order denying the motion on that point as error, and have appropriately designated the assignment of error in his brief when arguing it. Here the question is not whether the facts demonstrate an excessive verdict on the part of a jury but is whether the trial judge misconceived the law of negotiable instruments with respect to a holder claiming through a forged signature. Essentially, therefore, appellant is complaining of an error of law. An error of law need not be raised on motion for new trial in order to preserve the point on appeal. Secondly, in my opinion, the requirements of the appellate rules do not apply with equal rigor to an appeal from a non-pleading court such as the justice of the peace court (sitting as a small claims court). See rule 4.7, Florida Rules of Appellate Procedure, which impliedly supports this view. Appellee's motion is therefore again respectfully denied.

For the foregoing reasons, I must respectfully disagree with the decision of the able trial judge, and hold that the plaintiff was not entitled to recover, and accordingly the judgment below is reversed.