## HABERSIN CAMERA SHOPS, Inc. v. AMERICAN EXPRESS COMPANY (No. 2).
### No. 2128.
Circuit Court, Dade County, Civil Appeal.

December 13, 1967.

David K. Tharp of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellant.

Richard C. Carter, Jr., Miami, for appellee.

HARVIE S. DuVAL, Circuit Judge.

This is an appeal from a judgment of the small claims court in and for Dade County, Honorable Sidney L. Segall, in the amount of $780 plus $12.40 costs.

The plaintiff below sued on 25 American Express Company traveler's checks bearing numbers Z27-617-716 through Z27-617-725 in the amount of $20 each, the sign manuals (signature blanks in upper left-hand corner) of which had been completed by the purchaser, Howard J. Leahy; R43-601-639 and R43-601-640 in the amount of $100 each, the sign manuals of which had been completed by the purchaser, William Scheller; G70-649-123 through G70-649-128 in the amount of $10 each, the sign manuals of which had been completed by the purchaser, Ira Okun; and numbers 226-567-230 through 226-567-236 in the amount of $20 each, the sign manuals of which had been completed by the purchaser Ira Okun.

The material facts are not in dispute. Plaintiff is an operator of a camera shop in Miami. It took the traveler's checks in the usual course of business in payment for merchandise. The customers presented the checks at the times of the purchases, representing themselves to be the rightful owners and purchasers of the traveler's checks. The customers then signed the checks in the presence of the plaintiff.

The evidence is uncontroverted that the checks in question were stolen, forged by imposters, and passed on to the plaintiff. The lower court entered a judgment for the plaintiff and against the defendant. In its five page written opinion, the lower court, in substance, equated traveler's checks to "cash," reasoning that as title to "cash" may be passed after being stolen, under the circumstances here existing, so could title to stolen, forged traveler's checks.

In support of the proposition, the lower court relied primarily upon American Express Company v. Anadarko Bank and Trust Company, 179 Okl. 606, 67 P.2d 55 and American Express Com-

pany v. Rona Travel Service, Inc., 187 A.2d 206. These cases are distinguishable from the case at hand. In those actions traveler's checks were stolen with *both* the signature spaces (in the upper and lower left-hand corners of the checks) blank. They were subsequently completed by the thief and contained the same signatures in the upper and lower signature spaces of the checks. In this case the sign manuals were completed by the purchaser's signature. When stolen, the spaces for signatures in the lower left-hand corners of the traveler's checks were blank, however. Then the lower left-hand blanks for signatures were completed by forgeries. Thus, the same signatures did not appear on the traveler's checks. Peoples Savings Bank v. American Surety Co., 15 F. Supp. 911, relied on by the lower court is also inapplicable, as it involved primarily a question of the construction of a bond of indemnity between a bank and its bonding company and not forged traveler's checks.

It clearly appears that §674.25, Florida Statutes 1963, governs the rights and liabilities of the parties under the existing facts. Adjmi v. American Express Co., 15 Fla. Supp. 116. §674.25 provides —

> "Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

This statute clearly bars a holder from enforcing a claim on a negotiable instrument taken "through or under" forgery of a signature on the instrument. The plaintiff below was claiming through or under the admitted forgeries on the counter-signature blanks of the names Ira Okun, Howard J. Leahy and William Scheller. Plaintiff is, therefore, barred from recovery in this action.

Under the statute, American Express Company could be "precluded" from raising the defense of forgery. The affidavits of forgery of Okun, Scheller and Leahy (introduced into evidence by stipulation) clearly show that there was no negligence on the part of the purchasers of these traveler's checks. In order to successfully preclude American Express from raising the defense of forgery, the plaintiff had the burden of proof. Beutel's Brannen, Negotiable Instruments Law (7th Ed., 1948). Other than the affidavits of the purchasers, the record is devoid of any evidence on the question of their negligence or of negligence on the part

of American Express Company. The plaintiff has not sustained its burden of proof. Therefore, American Express was not precluded from raising the defense of forgery under the statute as the plaintiff contends.

In addition to the contention of the plaintiff that American Express was precluded from raising the defense of forgery, the plaintiff also contends that the condition of negotiability imposed by the words "when counter-signed below with this signature" (appearing on the face of the traveler's checks here in question above the signature blanks in the upper left-hand corner) are fulfilled when the traveler's check was counter-signed by a "similar" signature to that appearing in the upper left-hand corner. To juxtapose signature with "similar" signature would, in light of the definition of "signature," distinctly contravene its meaning. Webster's Dictionary defines "signature" primarily as "The name of any person, *written with his own hand*." Thus, this second contention raised by the plaintiff below on this appeal is without merit. The so-called signatures on the traveler's checks were in fact admitted forgeries. Therefore, the condition imposed by the wording on the face of the traveler's checks could not be met until they were in fact counter-signed by the person who wrote his name in the upper left-hand corner writing his name in the lower left-hand corner also. This was in fact not done.

The above contentions of the plaintiff below were not dealt with by the lower court in its opinion. Having carefully considered these contentions, however, in addition to the opinion and authorities cited therein of the lower court and the resourceful argument of counsel for plaintiff, I must respectfully disagree with the decision of the lower court, and hold that the plaintiff was not entitled to recover. Accordingly, the judgment below is reversed.