LESTER GRAINGER, *Plaintiff in Error,* v. ELLA FULLER, *et al., Defendants in Error.*

Opinion Filed July 6, 1916.

Where the circumstances of a personal injury warrant the recovery of damages for future pain and suffering, the instructions to the jury should limit the recovery to such pain and

suffering as the evidence shows the party is reasonably cer-
tain to endure as a result of the injury.

Writ of Error to Circuit Court, Volusia County;
James W. Perkins, Judge.

Judgment reversed.

*Stewart & Stewart* and *G. A. Worley & Son,* for
Plaintiff in Error;
*Landis, Fish & Hull,* for Defendants in Error.

WHITFIELD, J.—A judgment was obtained against
Lester Grainger for $2,000.00 as damages for personal
injuries sustained by Mrs. Fuller because of the alleged
negligence of the defendant in running an automobile
against a buggy in which the plaintiff was riding on a
public road, and the defendant took writ of error.

At the trial the following charges were given and
exceptions were duly taken:

"In estimating the damages which the plaintiff will
sustain in future, if any, you are to consider the probable
length of time she will live, taking into consideration the
condition of her health before the injury, her age and
habits and her life expectancy and the physical pain and
mental suffering she will suffer during that time, if any."

"If you find for the plaintiff you will in assessing her
damages take into consideration her age and condition in
life, the injury sustained by her, if any, and the physical
pain and mental anguish suffered and endured by her on
account of said injury, if any, and such damages, if any,
as you believe from the evidence she will sustain in the
future as the direct effect of such injury including the
injury to her health and the physical pain and mental an-

guish which you believe from the evidence she will sustain in future, if any, and assess the damages at such sum as from the evidence you may deem proper, the total amount of such damages not to exceed the sum of ten thousand dollars, the amount sued for, but any sum which you shall award for prospective or future damages you must reduce to its present worth or value before including it in your verdict."

· It is argued for the plaintiff in error that these charges are erroneous because "there has been no guide given to the jury to guide them in fixing future damages, but the whole matter has been left to the jury to consider everything, real, actual or imaginary." For the defendants in error the brief merely states "that such damages may be recovered is too well settled to require the citation of authorities, and that the items of damage referred to in these charges are proper items of damage is also too well settled to require the citation of authorities."

·In view of the nature of the physical injuries shown to have been sustained by the plaintiff and the amount of damages awarded, the latter portion of the last charge above quoted may be harmful error in that it allowed too broad a latitude of recovery for future suffering.

The charges quoted referred to damages for injury sustained and physical pain and mental anguish suffered and endured on account of the injury, and also to damages, if any, the plaintiff will sustain in the future as the direct effect of the injury including injury to health and physical pain and mental anguish. The rule given for determining the amount is "such damages, if any, as you believe from the evidence she will sustain in the future." If there be "damages * * * she will sustain in the future as the direct effect of such injury," they

should be only such as the evidence makes reasonably certain will result from the injury sustained, for she can recover for such future pain and anguish only as the evidence shows that she is reasonably certain to endure as a result of the injury. This is particularly so with reference to mental anguish as to which there is no evidence.

Under the charges as given the jury may award such damages as they may believe from the evidence there is a probability the plaintiff will sustain in the future as the direct effect of the injury; while she should recover for only such pain and suffering as the evidence shows she is reasonably certain to endure as the result of the injury. See Smith v. Milwaukee Builders' and Traders' Exchange, 91 Wis. 360, 64 N. W. Rep. 1041, 30 L. R. A. 504; 13 Cyc. 139. The use of the word "sustain" instead of "endure" or its equivalent may not be so material; but in a case of this character a charge on the measure of damages should confine compensation for future physical and mental suffering to such as the evidence shows the plaintiff is reasonably certain to endure as a result of the injury.

The defendant did not ask for a more accurate and appropriate charge on this point; but on the facts of this case, the charge as given was manifestly harmful to the defendant as shown by the damages awarded.

The judgment is reversed and a new trial is awarded.

TAYLOR, C. J. and SHACKLEFORD, COCKRELL and ELLIS, JJ. concur.