R. L. SAUNDERS v. MARY CRAWFORD, *et vir*.

164 So. 526.

Division B.

Opinion Filed December 12, 1935.

14 

*Oscar S. Miller,* for Plaintiff in Error;

*Carl Widell* and *John B. Beach,* for Defendant in Error.

TERRELL, J.—The instant writ of error is to a verdict and judgment for personal injuries against the plaintiff in error, R. L. Saunders, and in favor of the defendant in error, Mary Crawford. The judgment was originally entered for $3,360.00, but on motion for new trial it was reduced to $1,200.00 by way of remittitur which was accepted by the plaintiff and the defendant took writ of error.

It is first contended that the ownership of the autobus in which plaintiff was riding at the time she was injured was not proven to be in the defendant.

The declaration alleges that on November 30, 1932, the defendant was the owner of a certain autobus, bearing a Florida license certificate with plate and number theretofore issued to him, that on the date last mentioned said de-

fendant was engaged in the business of carrying passengers for hire in West Palm Beach, that on said date the plaintiff, Mary Crawford, engaged passage on said autobus from one point in West Palm Beach to another point in said city, but that she was so negligently transported that a collision ensued in which plaintiff suffered painful and permanent injuries, for which she paid doctor bills, hospital bills, and medicine bills.

Plaintiff supported her allegation of ownership of the autobus by (1) A certified copy of the application of defendant for title certificate together with his application for registration and license, (2) Affidavit of the finance company holding defendant's notes in payment for said autobus showing that it was repossessed from the defendant December 29, 1932, and (3) Application of the defendant for auto registration on March 27, 1933, showing the purchase of the autobus from the finance company.

The defendant sought to overcome such evidence of title in him by producing an instrument entitled an assignment, but purporting to be a bill of sale from defendant to one James Jones, the driver of the car at the time of the accident. The court and the jury rejected this evidence and since the *bona fides* of the purported bill of sale were so impregnated with suspicious and questionable circumstances we must decline to hold them in error for doing so. Ford v. Hankins, 209 Ala. 202, 96 So. 349.

The testimony of the plaintiff, the testimony of the police officer who first appeared at the scene of the accident, and other witnesses point to defendant as being the owner of the autobus. Sections 3978 and 3979, Compiled General Laws of 1927, define the manner in which automobiles should be registered and were designed to facilitate the tracing of title to motor vehicles. The title to the autobus

in question was proven by these records as required by Section 4381, Compiled General Laws of 1927, which was ample. Macon County Lumber Co. v. Jones, 215 Ala. 157, 110 So. 1; Ford v. Hankins, 209 Ala. 202, 96 So. 349.

It is next contended that at the time of the accident in which plaintiff was injured the autobus was not driven by defendant or his agent with his permission and within the scope of his authority.

There is no merit in this contention. The evidence shows that James Jones, the driver of the autobus, was at the time and had been employed by defendant as driver of the bus for some time, that he was driving it at the time of the accident, and that it was being operated in the customary manner, collecting and carrying passengers from one destination to another. The defendant has not attempted to controvert any of this evidence. What was said in support of the first question as to the ownership of the autobus would seem to conclude this question against the contention of plaintiff in error.

As to the question of damages the evidence shows that the plaintiff suffered severe and painful injuries to her body, that she was in the hospital for two weeks, was away from her work for several weeks, and that her eye was permanently injured. Her earning capacity was proven and the trial judge was familiar with the facts and the parties. Any alleged error was cured by the remittitur.

Other assignments have been examined, but no reversible error is shown to have been committed. So the judgment below is affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.