E. J. TOLL and W. J. TOLL v. LUCILLE S. WATERS, *et vir*

189 So. 393
Opinion Filed May 30, 1939

*Maguire & Voorhis,* for Plaintiffs in Error;

*Earnest F. Housholder,* for Defendants in Error.

PER CURIAM.—This case is here on writ of error to review a judgment in favor of the plaintiffs entered by the Circuit Court of Seminole County, Florida. Lucille S. Waters sustained permanent injuries, and, joined by her husband, G. R. Waters, filed suit in the lower court. The husband likewise sought to recover damages in the same suit. The declaration is in two counts. The first count charges the negligent operation of an automobile in the following language, viz.: that then and there a certain automobile was so carelessly and negligently driven and operated by the defendant, E. J. Toll, at the intersection of Seventh Avenue and Laurel Street in the City of Sanford that the said automobile was run and driven upon, against and collided with the automobile in which the plaintiff, Lucille S. Waters, was then riding, and with such force and violence that the automobile in which plaintiff was riding was overturned, whereby the plaintiff, Lucille S. Waters, was severely injured; that the defendant, W. J. Toll, was the owner of said automobile and the defendant, E. J. Toll, was then and there driving and operating the automobile of the defendant, W. J. Toll, with the knowledge and consent of W. J. Toll. The second count contains similar allegations.

The case went to trial on the following pleas: (1) W. J. Toll denied the ownership of the automobile driven by E. J. Toll; (2) plea of not guilty; (3) contributory negligence; (4) special plea of contributory negligence on the part of Lucille S. Waters in violating an ordinance giving the right of way to all vehicles traveling upon Seventh Street in the City of Sanford; (5) other pleas were filed but are not necessary to recite.

The issues were submitted to a jury with instructions and verdict in the sum of $10,000.00 was returned for Lucille S. Waters, and a verdict for $1,000.00 was returned for G. R. Waters, her husband, against defendants, E. J. Toll and W. J. Toll. The lower court denied a motion for a new trial and entered final judgment for Lucille S. Waters in the sum of $10,000.00 and ordered a remittitur on the part of G. R. Waters and approved a judgment in his behalf for the sum of $290.40. The record has been perfected and is here for consideration on a number of assignments of error.

One of the first questions for decision is: Did the plaintiff adduce sufficient evidence to establish the ownership of the car in W. J. Toll and operated at the time of the collision by his brother, E. J. Toll.

The record shows that William J. Toll, on June 8, 1935, made application for a title certificate for the car and swore therein that he was the owner thereof; and likewise on January 6, 1936, in his application sworn to stated that he was the owner of the car, and at no time denied ownership thereof until the wreck occurred. He stated when a witness that the car was bought and paid for by the United Lumber Company, of which he was manager, secretary and treasurer, that notes representing deferred payments on the car were given in the name of United Lumber

Company and upon maturity paid by it. We think there is sufficient evidence in the record of ownership of the car in the defendant, William J. Toll, to submit the issue to the jury, and that this assignment is without merit. See Saunders v. Crawford, 122 Fla. 13, 164 So. 526, Vol. 5 Am. Jur. 570, par. 99; Farrelly v. Heuacker, 118 Fla. 340, 159 So. 24.

The following charge is assigned as error:

"As to the plaintiff, Lucile S. Waters, her claim for damages is for physical pain and suffering, past, present and future, permanent injury and the loss of her right arm, also the impairment of her ability to work.

"As to pain and suffering the law declares that there is no standard by which to measure it except the enlightened conscience of impartial jurors, the enlightened conscience of each of you. It would be your duty to determine from the evidence what sort of injuries the plaintiff received, if any, their character as producing or not producing pain, the mildness or intensity of the pain; its probable duration, and allow such sum as would fairly compensate her for her pain and suffering, if any, such sum as would receive the approval of the enlightened conscience of each of you, and if, in considering the case, you reach the conclusion that the plaintiff, Lucile S. Waters, is entitled to damages for future pain and suffering, in fixing the amount thereof you would bear in mind and give consideration to the fact that the plaintiff is receiving a present cash consideration for damages not yet sustained."

It is settled law in Florida that in passing upon a single instruction or charge assigned as error, the same should be considered in connection with other charges or instructions bearing upon the same subject. See Lewis v. State, 55 Fla. 54, 45 So. 998. It is contended that the instruction was

bad because: (a) that the charge should have requested that future damages, if any, should be reduced to present value; (b) the jury was permitted to exercise its discretion in arriving at the present cash value for future damages. Counsel cite a number of decisions of this Court, as well as authorities from other jurisdictions, upon which they rely to sustain their position. The testimony shows that Mrs. Lucile S. Waters lost her right arm in this collision; that she was a young married woman; the loss of her arm affected her ability to do her household duties; she suffered pain not only in the loss of her arm, but her nervous system was affected and will continue so to be in the future. The Court charged that these several items should be reduced to a present cash value. We have studied the charge, *supra,* in light of criticism of counsel for plaintiff in error and have examined the authorities cited by them, but we are unable to agree with the conclusion reached by counsel. See Warner v. Ware, 136 Fla. 466, 182 So. 605.

It is next contended that reversible error occurred when the trial court refused to give the following charge at the request of the defendant below, viz.:

"14. You are further instructed that if the injury of Lucile S. Waters was caused solely by her own negligence, then, of course, the defendants are not liable. Public policy requires that everyone shall exercise reasonable care and diligence for the protection of his or her own person, and when the failure to do this concurs with the mere negligence of another and proximately causes injury, there can be no recovery; and even though you should find in this case that E. J. Toll was negligent and that such negligence proximately caused injury to Lucile S. Waters, but you further find that this negligence was concurrent with her failure to exercise reasonable care and diligence for the

protection of herself, there can be no recovery by plaintiffs, and if you so find you must return a verdict for the defendants."

Counsel cite the case of Florida R. Co. v. Dorsey, 59 Fla. 260, 52 So. 963, to sustain their contention, while counsel for plaintiff below contend that the following charges given by the trial court on the exact subject or point are sufficient, viz.:

"You are further instructed that if the plaintiff, Lucile S. Waters, was guilty of any act of negligence which directly contributed to her injury, or was guilty of any lack of ordinary care on her part, whether the act be an actual one or an omission to do what she ought to have done under the circumstances and such lack of care, act or omission contributed to the accident and without which the accident would not have occurred, then you cannot go further and apportion the accident or injury, but the plaintiff's contributory negligence in such case, if you find it to be the case, defeats recovery and your verdict must be for the defendants.

"It is the duty of both plaintiff and defendant to use ordinary care.

"I charge you that ordinary care is that degree of care which a person of ordinary prudence, under the particular circumstances, is presumed to exercise to avoid injury, such care is required to be in proportion to the danger to be avoided and the fatal consequences that may result from neglect.

"I charge you that the plaintiffs cannot recover against the defendants unless you believe from a preponderance of the evidence that the plaintiff, Lucile S. Waters, was injured by the negligence of the defendant, E. J. Toll, in the manner alleged in the declaration."

The following authorities are cited: Jacksonville, Tampa & Key West Ry. Co. v. Peninsular Land, etc., Co., 27 Fla. 1, 9 So. 661; Tampa Electric Co. v. Bazemore, 85 Fla. 164, 96 So. 297.

When the charge or instruction on the question of the negligence of Lucile S. Waters as given by the trial court is considered in the light of the entire charges so given and considered in connection with the requested charge on the same subject by counsel for defendant below, the charge as given by the trial court of its own volition is free from material error and states a correct principle of law for the guidance of the jury in its deliberation. We are unable to say that reversible error occurred. See Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 So. 761; Atlantic Coast Line R. Co. v. Peeples, 56 Fla. 145, 47 So. 392; Lewis v. State, 55 Fla. 54, 45 So. 998; Davis v. State, 54 Fla. 34, 44 So. 757.

Counsel for plaintiffs in error contend that reversible error occurred when the trial court refused to give the following requested charges, viz.:

"You are instructed that a person driving an automobile upon, along or across the public streets is bound to take care not to heedlessly suffer injury from approaching vehicles or automobiles; and if you find from the evidence that Lucile S. Waters knew, or by the exercise of reasonable diligence should have known, of the approach of the automobile driven by E. J. Toll, and its position, speed and direction of movement on the street, and by the exercise of due and reasonable care and caution, commensurate with the circumstances, could have avoided the collision; and you find that she negligently and carelessly failed to avoid the collision and injury and that her negligence contributed

to her own injury, you must return a verdict for the defendants.

"It was the duty of Lucile S. Waters to use her senses and observe other traffic, and neither she nor her husband can recover if she could see the approach of the automobile driven by E. J. Toll and had ample room to avoid the collision and by the observance of ordinary care on her part, she might have avoided the collision or injury."

The trial court in the general charges or instructions to the jury said:

"I charge you that negligence is the wrongful doing of an act, or the wrongful omission to act which results in damages but without intent to do wrong or cause injury. It is not necessary that an intent be shown, or an intent to cause injury shall be shown. Negligence, in law, is a breach of duty. It is the failure to exercise that degree of care in given circumstances which a person of ordinary prudence would exercise in similar circumstances; it is the neglect of performance or the improper or insufficient performance of a legal duty."

The authorities cited in the previous assignments dispose of this assignment.

The following charges or instructions are assigned as error:

"The Court charges you that an ordinance which gives to one traveling on a certain street the right of way, does not require a motorist approaching an intersection crossing said street, lawfully and with due care and caution, to yield the right of way to the one travelling on the right of way street, when such car, on the right-of-way street, is so far away that they cannot be said to be approaching the intersection at approximately the same time.

"The Court charges you that the one who arrives at the

intersection first when proceeding lawfully and with ordinary care and caution is ordinarily entitled to the right of way, regardless of statute or ordinance giving the right of way to one or the other. Such provisions apply only when both arrive at the intersection at approximately the same time."

An ordinance of the City of Sanford was plead and at the trial offered in evidence and the effect thereof was to give vehicles traveling on Seventh Avenue the right of way over vehicles traveling on Laurel Street. Counsel contend that the effect of the charge assigned as error is to repeal the ordinance by giving to plaintiff, Lucile S. Waters, the right of way at the intersection of Seventh Avenue and Laurel Street. The evidence shows that Lucile S. Waters was driving South on Laurel Street and defendant E. J. Toll was driving west on Seventh Avenue. There was a conflict of evidence as to the rate of speed traveled by each. A house and trees stood at the corner of the intersecting streets which obscured the vision of each of the drivers. Tire marks were on the pavement and measured by the officers after the crash. The location of the two cars after the collision was fixed by the testimony of different witnesses during the trial of the cause. This Court is not authorized under the law to substitute its judgment for that of a jury selected and qualified according to law to try the issues. The conflict in the evidence on the issues made presented purely a jury question and this Court should not interfere with and set aside the verdict unless the findings are clearly against the weight of the evidence. See Burnett v. Soule, 78 Fla. 507, 83 So. 461; Tallahassee R. Co. v. Macon, 8 Fla. 299; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557.

Questions 9 and 10 can be considered together: "Where the undisputed physical facts show an absence of negligence on the part of defendant or the existence of contributory negligence on the part of plaintiff, is there any issue to be submitted to the jury?" and "Where plaintiff was travelling south approaching a street on which, by ordinance, vehicles traveling thereon had the right of way, and plaintiff testified that she (when 15 to 17 feet north of the intersection) saw defendant approaching from her left 100 feet down the street, she then driving 10 miles per hour, and that she continued on into intersection to pass ahead of the approaching car without again looking at the approaching car and did not see it until attention was attracted by sound of brakes, at which time the hood of her car was over the center of the street and the other car was then seven feet distant sliding towards her; can a verdict for plaintiff be sustained?"

It is contended that the plaintiff's duty under the facts and circumstances alleged and proven at the trial of the cause is fixed by law, and, the facts being undisputed, there can be no recovery by the plaintiff, Lucile S. Waters, and no actionable negligence appearing in the case, a judgment for defendant below should have been entered. The lower court was of the opinion that the question of negligence of defendant and contributory negligence of the plaintiff, Lucile S. Waters, as well as the other issues made by the pleadings, were jury questions. The evidence has been carefully considered. While it is true that Lucile S. Waters was charged with knowledge of the ordinance granting the right of way to vehicles on Seventh Avenue, the driver Toll was driving at a greater rate of speed than was authorized, as testified to by Lucile S. Waters and as indicated by the marks of the tires left on the pavement

when he applied his brakes. It seems that he could have turned his car to the right going north on Laurel Street at the intersection of the streets, but failed so to do. Some of the evidence indicates that he did not observe the approach of the car on Laurel Street and his vision was not obscured by the trees or the dwelling on his right as he approached the intersecting Avenue and Laurel Street.

As the plaintiff, Lucile S. Waters, lost her right arm, her nervous system was shattered and she suffered other injuries as shown by the evidence, we are inclined to the view that the amount of the verdict as found by the jury is not excessive in amount. There being no error in the record, the judgment appealed from is hereby affirmed.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—The charge of the court quoted in the Per Curiam opinoin with reference to what the plaintiff below, Mrs. Lucile S. Waters, would be entitled to recover as damages for future pain and suffering, is in my judgment, in some important respects, erroneous. It does not limit the right of recovery to such future pain and suffering as the evidence makes reasonably certain will result from the injuries sustained; nor does it clearly instruct the jury that such sum as they may arrive at in that connection, for damages to be sustained in the future, should be reduced to its present value.

In the case of Grainger v. Fuller, 72 Fla. 57, 72 So. 462, this Court, speaking through Mr. Justice WHITFIELD, said.

"At the trial the following charges were given and exceptions were duly taken:

" 'In estimating the damages which the plaintiff will sustain in future, if any, you are to consider the probable length of time she will live, taking into consideration the condition of her health before the injury, her age and habits and her life expectancy and the physical pain and mental suffering she will suffer during that time, if any.'

" 'If you find for the plaintiff you will in assessing her damages take into consideration her age and condition in life, the injury sustained by her, if any, and the physical pain and mental anguish suffered and endured by her on account of said injury, if any, and such damages, if any, as you believe from the evidence she will sustain in the future as the direct effect of such injury including the injury to her health and the physical pain and mental anguish which you believe from the evidence she will sustain in future, if any, and assess the damages at such sum as from the evidence you may deem proper, the total amount of such damages not to exceed the sum of ten thousand dollars, the amount sued for, but any sum which you shall award for prospective or future damages you must reduce to its present worth or value before including it in your verdict.'

"In view of the nature of the physical injuries shown to have been sustained by the plaintiff and the amount of damages awarded, the latter portion of the last charge above quoted may be harmful error in that it allowed too broad a latitude of recovery for future suffering.

The charges quoted referred to damages for injury sustained and physical pain and mental anguish suffered and endured on account of the injury, and also to damages, if any, the plaintiff will sustain in the future as the direct effect of the injury including injury to health and physical pain and mental anguish. The rule given for determining

the amount is 'such damages, if any, as you believe from the evidence she will sustain in the future.' If there be 'damages * * * she will sustain in the future as the direct effect of such injury,' they should be only such as *the evidence makes reasonably certain will result from the injury sustained,* for she can recover for such future pain and anguish only as the evidence shows that she is reasonably certain to endure as a result of the injury. This is particularly so with reference to mental anguish as to which there is no evidence.

"Under the charges as given the jury may award such damages as they may believe from the evidence there is a probability the plaintiff will sustain in the future as the direct effect of the injury; while she should recover for only such pain and suffering as the evidence shows she is reasonably certain to endure as the result of the injury. See Smith v. Milwaukee Builders' and Traders' Exchange, 91 Cyc. 360, 64 N. W. Rep. 1041, 30 L. R. A. 504; 13 Cyc. 139. The use of the word 'sustain' instead of 'endure' or its equivalent may not be so material; but in a case of this character a charge on the measure of damages should confine compensation for future physical and mental suffering to such as the evidence shows the plaintiff is reasonably certan to endure as a result of the injury.

"The defendant did not ask for a more accurate and appropriate charge on this point; but on the facts of this case, the charge as given was manifestly harmful to the defendant as shown by the damages awarded." (Italics supplied.)

The above cited case is cited and followed with approval in the case of Florida Cities Bus Company v. Lewis, 107 Fla. 248, 146 So. 96; also in the case of Miami Jockey Club v. Aiken, 120 Fla. 544, 163 So. 51, in which case the

plaintiff wife claimed not only damages for physical pain and suffering but also for future loss of earning. Even as to the latter element of damages, this Court held that the charge involved in that case should have been limited to such damages as the evidence makes reasonably certain will result from the injury sustained. It is all the more important that this principle of law should be observed in instructing the jury with reference to damages claimed with respect to future pain and suffering, which was the main element involved in the case of Grainger v. Fuller, *supra.*

The case above quoted from was also cited and followed with approval in the case of Baggett v. Davis, 124 Fla. 701, 169 So. 372, and the same principle was applied to a case involving a claim for damages for impaired health and earning capacity. In that case, this Court, speaking through Mr. Justice BUFORD, said:

"In order that a jury may assess damages for any permanent injury, it must appear to them that the injury is reasonably certain to impair the health and earning capacity of the injured person in the future; and not merely that it will apparently affect the health and earning capacity of the injured party. See Grainger v. Fuller, 72 Fla. 57, 72 So. 462; 13 Cyc. 239; White v. Milwaukee City Ru. Co., 61 Wis. 536; 21 N. W. 524; Louisville Southern Railroad Co. v. Minogue, 90 Ky. 369, 14 S. W. 357, 29 A. S. R. 378. The use of the word 'apparently' in this instruction renders it erroneous, because it permits the jury to award for loss of future earning capacity upon evidence which may not have that certainty necessary in order to recover for loss of future earning capacity."

In this case one of the grounds of motion for new trial

was the giving of the charge above referred to, and another ground was the alleged excessiveness of the verdict.

There was no other charge which dealt further with the proposition embraced in the charge above referred to, or that cured the error therein contained.

The closing language of the instruction referred to, i. e., "in fixing the amount thereof you would bear in mind and give consideration to the fact that the complainant is receiving a present cash consideration for damages not yet sustained," shows that the learned trial judge had the established principle in mind, that the amount determined by the jury as damages for future pain and suffering should be reduced to its present cash value, but the language used was hardly as definite on that point as it might have been, and was capable of being misunderstood.

I therefore think the charge, for the two reasons above pointed out, constituted reversible error.