H. J. Shows v. J. M. Lee.

194 So. 221
Division A
Opinion Filed February 20, 1940

*Ernest E. Mason,* for Plaintiff in Error;
*Yonge, Beggs & Carter,* for Defendant in Error.

Thomas, J.—This action grows out of a collision, on the bridge spanning Pensacola Bay from the mainland to Santa Rosa Island, between two automobiles, one driven by J. M. Lee, defendant in error, and the other by William E. Pinkerton, with whom was riding the plaintiff in error, H. J. Shows. There is no doubt that the latter was injured by the impact but there is, as is conceded by the plaintiff in error, direct conflict between the witnesses as to the manner in which the accident occurred, hence the responsibility for it and the resultant damage.

Two cars were proceeding southward on the bridge, the front one driven by Maurice Villeneuve, the hind one by J. M. Lee. The plaintiff in error was a passenger in a car traveling northward and driven by Pinkerton. Near the bascule of the bridge Lee's automobile and Pinkerton's collided. Plaintiff's version was that Lee drove to the left of the center line in the path of the northbound car while the story offered in defense was that Pinkerton was guilty of encroaching on the west side and to his left of the center

line causing Villeneuve to stop quickly and thereby forcing Lee in the path of Pinkerton's car when he swerved to avoid a crash with the leading automobile.

The jury believed the evidence offered by the defendant and found him not guilty.

Of the four questions presented for our consideration, one deals with the weight of the evidence and the others with the correctness of the court's ruling in refusing three charges requested by the plaintiff.

The testimony is in sharp conflict and this being so and it not appearing that the verdict is clearly against the weight of the evidence we will not disturb the finding. Brandt v. Brandt, 123 Fla. 680, 167 South. Rep. 524; Toll v. Waters, 138 Fla. 349, 189 South. Rep. 393.

The jury were appropriately charged that upon their inability to reconcile the testimony of the various witnesses they should base their verdict on the evidence which they believed. They had the power to accept either version of the controversy and there is much in the record to justify the conclusion reached. The accounts given by the witnesses for the respective litigants were diametrically opposed but either of them would have warranted a verdict. The jury had the choice, and we will not interfere with their conclusion.

It would be of doubtful value to set out verbatim the three charges which the trial judge refused to deliver on the motion of the plaintiff. Two of them were intended to advise the jury that upon their finding certain detailed facts to be true with reference to the conduct of the defendant in the operation of the car at the time of the emergency the verdict should be for the plaintiff while the third one would have instructed them that if the negligence of the defendant proximately caused the collision they should find that

such negligence was also the proximate cause of the injuries.

Our review of the judge's charges leads us to the conclusion that he explained the law of the case and that all features of the controversy referred to in the charges refused were fully covered by his exposition of the law relative to burden of proof, proximate cause and the issues formed by the pleadings.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.