ALFRED BUGNA and JOHN HARVATH, individually and as Co-partners trading as Star Truck Line, a co-partnership, v. HENRY TAYLOR.

154 So. 831.

Division A.

Opinion Filed May 10, 1934.

Petition for Rehearing May 31, 1934.

*Jackson, Dupree & Cone,* for Plaintiffs in Error;

*Mabry, Reaves, Carlton & White,* for Defendant in Error.

PER CURIAM.—From the evidence in this case the jury was warranted in finding the following facts: An "auto transportation company" formed under Chapter 14764, Acts of 1931, was operating near the center of the road on State Highway No. 17 a truck with attached rear trailer. The tail gate of the truck had been dropped down so as to lengthen the floor of the trailer by 30 inches. At a point over a hill and on a sharp right-hand curve the car of plaintiff below collided with a projecting portion of the tail gate, as plaintiff tried to pass the truck which there is substantial evidence to show was without lights at the time.

Plaintiff who was driving his own car at the time of the collision, testified that as he drove along the highway in the nighttime he was suddenly confronted by an unlighted bulky object in the middle of the highway consisting of the defendant's truck and trailer; that he was unable to readily determine whether it was standing still or moving or in which direction it was attempting to travel; that realizing that he would probably be unable to stop his own car in time to avoid the danger of collision after he had become aware of it, that he tried to pass the object in front of him to the right where there appeared to be ample room for such passage and which passage would keep him on his side of the road as he passed. In the attempt to so pass, plaintiff was injured by the corner of the projecting tail gate which protruded over the highway to the side of the truck, struck plaintiff's automobile and severely injured him.

According to the evidence the truck and trailer were of a combined length of some forty or forty-two feet with a width of seven feet. There was also substantial evidence which if believed by the jury (as it evidently was) to show that defendants' outfit was approximately straddling the center mark of a twenty-foot pavement in the night time without lights, or at least without the character of lights specified by Section 13 of Chapter 14764, Acts of 1931, which requires suitable side and tail lights on all trailers, or semi-trailers, clearly marking the dimensions of such trailer.

The burden of proof was on the defendants to make out the defense of contributory negligence. Standards of prudent conduct are declared at times by the courts, but they are taken over from the facts of life. In default of some established guide of customary conduct, what is suitable for an automobile driver caught in a mesh where ordinary

safeguards fail him, is for the judgment of a jury. Pokora v. The Wabash Railway Co., ____, U. S. ____, 54 Sup. Ct. Rep. 580, 78 L. Ed. 700 (opinion filed April 2, 1934).

Our conclusion is that the court properly submitted the case to the jury and that plaintiff in error's contention that the plaintiff below was shown to have been guilty of contributory negligence as a matter of law has not been sustained. So the judgment should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.