DOROTHY WALKER, *et vir.*, v. ROBERT C. SMITH, *et al.*

161 So. 551.
Division B.
Opinion Filed May 24, 1935.

*Emmett C. Choate,* for Plaintiffs in Error;

*Chappell & Brown,* for Defendants in Error.

BUFORD, J.—The writ of error here is to review a judgment in favor of defendant on demurrer sustained to second amended declaration.

The first and second counts of the declaration were grounded on injuries accruing to Dorothy Walker as a result of the collision of the automobile, in which she was riding and which was then driven by her husband, C. M. Walker, with an unlighted truck belonging to defendants and then left standing on the public highway in the night time.

The third and fourth counts of the declaration were grounded on damages alleged to have been sustained by C. M. Walker for expense incident to the damage done his automobile in the collision described in these counts the same as is described in the first and second counts. The bill of particulars attached to the declaration shows that the damage to the automobile was $338.00. The third and fourth counts of the declaration each allege this damage to have been in the sum of $355.00. Therefore, the declaration on its face shows that the claim declared upon in the third and fourth counts was not large enough to bring the same within the jurisdiction of the Circuit Court of Dade County. It follows that the demurrer was properly sustained as to the third and fourth counts of the second amended declaration.

The first and second counts of the declaration do not entirely fail to state a cause of action.

One driving on the public highway has the right to assume that others using the highway will conform to the law

of the road and will use those means which the law requires them to use for the protection and safety of others.

Section 1021 R. G. S., 1294, C. G. L., provides, in part: "Every motor vehicle operated or driven upon the public highways of this State shal be provided with adequate brakes in good working order, and sufficient to control such vehicle at all times when the same is in use, and an adequate horn or other device for signaling, sufficient under all conditions to give timely warning of the approach of the motor vehicle, and shall during the period from one-half hour after sunset to one-half hour before sunrise display at least two lighted lamps on the front and one on the rear of such vehicle."

Section 2 of Chapter 10186, Acts of 1925, Sec. 1319 C. G. L, provides as follows:

"All motor vehicles shall be provided with lights in front and light in the rear. The front or driving lights shall be of the tilting variety or some other device which will kill the glare of the driving lights."

Section 3 of Chapter 10186, *supra,* Sec. 1320 C. G. L., provides as folows:

"It shall be unlawful to stop any motor vehicle on the public roads, for either convenience or repair, but in all cases where possible to do so shall turn off the road to the right and the left wheel nearest the center of the paving shall not be more than one foot on the side of the paving. All vehicles shall drive on the right side of the road except when passing a slower vehicle."

The declaration alleges violation of each of the sections and alleges that the negligence of defendant's agents and servants by obstructing the highway in the use of defendant's truck in the performance of the duties for which such

agents and servants were employed by the defendants caused the injury without any fault on the part of the plaintiff.

Whether or not the plaintiff's husband was guilty of contributory negligence which will be in law visited on the plaintiff and whether or not the plaintiff was guilty of contributory negligence are matters to be determined on pleadings and proof. See Bugna, et al., v. Taylor, 114 Fla., 723, 154 Sou. 831.

In the case of Kaufman v. Hegeman Transfer & Lighterage Terminal, Inc., et al., 100 Conn. 114, 123 Atl. 16, the Supreme Court of Connecticut said:

"The appeal from the denial of defendant's motion to set the verdict aside as against the evidence is based upon defendants' single proposition on that 'it is contributory negligence for the operator of an automobile to operate such motor vehicle at such a rate of speed that he cannot stop the motor vehicle in the space included in his vision ahead of him.' The proposition is based upon the assumption of fact that this operator could not stop the motor vehicle in the space of his vision. It makes the distance the plaintiff saw the trucks ahead on this morning 10 to 15 feet. It leaves out of the proposition the distance ahead the plaintiff could have seen had the automobile displayed a light with which to warn approaching travelers. It does not appear but that had such warning been given the plaintiff could have stopped his car within the space included in his vision, even though he were traveling at this speed. He was entitled to assume that the highway was open for public travel and, in the absence of warning that he could safely travel thereon at a reasonable rate of speed. We cannot hold, as matter of law, that traveling upon the right side of a highway, such as this was at this point, in the night season, at 20 to 25 miles an hour is negligent conduct. It depends upon all

the circumstances of each case, and, unless they unmistakably point to one conclusion, the decision is essentially one of fact for the trier, since it is merely the determination of what is reasonable under the circumstances. The defendants would force the traveler to assume that the highway was liable to be obstructed, and in view of this to so travel that he should not collide with any obstruction in the highway, however negligently it may have been maintained upon it. It would thus impose upon the traveler the exercise of extraordinary care instead of ordinary care under the circumstances. The court did not err in not charging the jury that the plaintiff was guilty of contributory negligence, and therefore could not recover."

In Florida Motor Lines v. Ward, 102 Fla. 1105, 137 Sou. 163, we said: "all travelers on the public streets and highways have the right to assume that other travelers will observe the law of the road, obey all regulations relative to the use of highways and in general exercise reasonable care to avoid injury to their fellow travelers."

And again in the same case we said: "The law of the road is now embraced in statutes, ordinances and regulations, is promulgated for the protection of life and property, it is an essential part of the common knowledge of every traveler and he who goes on the highway and negligently or otherwise fails to observe it does so at his peril."

Reverting now to what we said near the beginning concerning the third and fourth counts of the second amended declaration, we observe that Section 2586 R. G. S., 4226 C. G. L., is as follows:

"Action by Man and Wife.—In any action brought by a man and his wife for an injury done to the wife, in respect of which she is necessarily joined as co-plaintiff, the husband may add thereto claims in his own right, and sep-

arate action brought in respect of such claims may be consolidated if the court shall think fit. In case of the death of either plaintiff, such suit, so far as it relates to the causes of action, if any, which do not survive, shall abate, but to that extent only."

Now as we construe this section it applies to causes of action for damages resulting from injuries done the wife.

In the present suit counts one and two of the second amended declaration declare for damages in favor of the wife for injuries done to the wife, while counts three and four declare for damages accruing to the plaintiff therein named who happened to be the husband of the plaintiff named in the first and second counts for injury not to the wife but to an automobile and the amount of the damage alleged is too small to come within the jurisdiction of the Circuit Court of Dade County, but comes within the jurisdiction of the Civil Court of Record of Dade County.

The same statute which authorized actions to be joined also authorizes separate action in respect to claims within the purview of the statute to be consolidated. Now, it could not possibly be logically contended that if the wife had filed a suit in the Circuit Court for the damages which she is alleged to have sustained that the husband could have filed an independent suit in that court for damages to the automobile in the sum of $356.00 and maintain the suit in that court either as a separate action nor could we have had it consolidated with the suit of the wife and thereby brought it within the jurisdiction of the court. Nor could he have filed a separate suit in the Civil Court of Record and thereafter had that suit consolidated with a suit instituted by his wife in the Circuit Court.

We do not hold that the husband could not under the statute here discussed have added to the declaration counts

covering claims in his own right resulting from injuries done his wife whether the amount of such damages claimed by him for such injuries was greater or less than the amount which he seeks to recover in his own right in this case. In this case the injury to the wife has no bearing whatever upon the damage claimed for injuries done to the automobile and, therefore, the third and fourth counts of the second amended declaration were properly eliminated on demurrer.

The judgment should be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—I concur in the foregoing opinion and judgment except as to the holding that the third and fourth counts of the declaration, claiming damages by the husband for the damage done to his automobile could not properly be embraced in this suit, and that the court below was therefore justified in sustaining the demurrer to these two counts. It is true, as pointed out by Mr. Justice BUFORD in the majority opinion, that the amount claimed by the husband in each of these two counts was for a sum less than the jurisdiction of the Circuit Court. It is also true that the damages claimed by the husband did not arise out of the injury done to the wife, but were limited to the damage done to his automobile, in which he and his wife were riding at the time of the collision with the truck. However, the damages claimed by the husband in these two counts arose out of the same transaction, and is alleged to

have been due to the same negligence of the defendant, upon which counts one and two, interposed in behalf of the wife for personal injuries, are alleged to have been based. So, both the claims of the wife and of the husband are based on the same negligent act of the same individual, the agent and servant of the defendant, and arose out of the same transaction, the collision between the automobile and the truck, alleged to have been caused by the negligence of the defendant's truck driver. Certainly no practical benefit could accrue to either party, plaintiff or defendant, by requiring two separate suits in a case of this kind, one by the wife and the other by the husband, I think Section 4226, C. G. L., was designed to take care of just such a case as this, so that the whole controversy and the damages sustained both by the wife and the husband could be settled in one suit. It is not denied that the damages claimed by the wife were sufficient in amount to give the circuit court jurisdiction in the case so far as she was concerned. This being true, it seems to me that the effect of Section 4226 would be to authorize the addition of the two counts in favor of the husband, regardless of the amount of damages claimed by him. The statute has nothing to say about the *amount* of the husband's claims. It says that: "In any action brought by a man and his wife for an injury done to the wife, in respect of which she is necessarily joined as co-plaintiff, the husband may add thereto claims in his own right, and separate action brought in respect of such claims may be consolidated, if the court shall think fit." It is true that if the husband in this case had brought a separate suit, he would have had to bring it in the Civil Court of Record and hence it could not have been consolidated with the suit in the circuit court—an entirely separate court. Therefore the clause with reference to the consoli-

dation of separate suits brought by the husband and the wife in matters of this kind, as set forth in the statute, would not have been applicable in this case. But that clause is merely permissive and permits the court, if the court thinks fit, to consolidate such suits, meaning necessarily where such suits are each brought in the same court.

At first, I was of the same opinion as the majority of the court that under this statute only such claims of the husband as arose out of or resulted from injury done to his wife could be joined in the same suit. But upon a more careful reading of the statute it appears that in an action brought by a man and his wife for an injury done to the wife, the husband may, in the language of the statute, "add thereto claims in his own right." So, the statute does not limit the claims to damages resulting to the husband from the injury done to the wife, and I think it would facilitate the prompt administration of justice if the courts should place no limitations on the nature of those claims other than such as necessarily inhere in the subject matter of the action and the transaction upon which it is based. My idea is that what the Legislature had in mind was that, in a suit of this kind, brought primarily to recover for injuries to the wife, in which the husband must necessarily be joined as a party plaintiff with his wife, he may add to such suit claims in his own right arising out of the cause of action sued on by the wife, that is, the wrongful or negligent conduct of the defendant, his agent or servant. Certainly, this would not be going too far. The language of the statute is broad and general, and I think broad enough to cover counts three and four in the declaration in this case. It is perfectly true that the claims of the husband and wife in cases of this kind are separable controversies in the sense that each could have brought an independent suit, though

of course, the wife could not have sued without joining her husband as co-plaintiff in her suit. Where they sue together, as here, and each claims damages, it appears to be customary and proper for the verdict of the jury and the judgment of the court to deal separately with the findings for or against the co-plaintiffs. Thus, in the case of Florida Cities Bus. Co. v. Lewis, 107 Fla. 248, 146 So. 96, there was one verdict and one judgment, but the verdict and judgment dealt separately with the claims of the husband and wife. This practice was inferentially approved in that case and expressly approved in the case of Fayter v. Shore, 114 Fla. 115, 153 So. 511. In the latter case the jury commingled the recovery for the husband and wife in one verdict that found for the plaintiffs and assessed their damages in the sum of $3,700.00. However, no proper attack was made on the form of the verdict in the lower court, and the verdict having been received without objection, this Court held that the verdict was not void nor wholly insufficient, and resulted in an irregularity over which the statute of jeofails would cast its curative protection. See Section 4501 C. G. L. The judgment based thereon was affirmed.

There is a defect in the caption of this suit to which attention might be called and that is that the suit should have been entitled "Dorothy Walker, joined by her husband, C. M. Walker," or "C. M. Walker and Dorothy Walker, husband and wife," as plaintiffs. The words "and next friend" are out of place in an action at law. In such actions, the husband must be joined as co-plaintiff with the wife in all suits to enforce the personal and property rights of the wife, not as next friend, but as husband. See Edgar v. Bacon, 97 Fla. 679, 122 So. 107.

My view is that Section 4226 C. G. L. is a remedial statute and should be liberally construed, and that so con-

strued, the court below was in error in sustaining the demurrer to the third and fourth counts.