GORDON H. MANSFIELD and VENETIAN SHORTWAY, INC., v. Florine King, *et al.*

195 So. 700
En Banc
Opinion Filed April 23, 1940
Rehearing Denied May 20, 1940

*Casey, Walton & Spain,* for Plaintiffs in Error;

*McKay, Dixon & DeJarnette* and *Marion E. Sibley,* for Defendants in Error.

BROW, J.—Defendants in error, Florine King and her husband, Guy King, were driving along Dade Boulevard in Miami Beach in a westerly direction and attempted to make a left turn into North Meridian Avenue. As the turn was almost completed the car in which defendants in error were riding was struck by a "jitney bus" owned ·and operated by plaintiffs in error, and proceeding east along Dade Boulevard. Mrs. King received, according to the allegations of the declaration, bodily injuries consisting of "a concussion of the brain; deep lacerations of the scalp, forehead and chin; severe abrasions of the face and head; abrasions and lacerations of her right hand and elbow, right knee and leg, and left hand; contusions of the back, shoulders and chest; and a contusion with bloody effusion of the lateral side of the right thigh involving the entire middle third thereof." These allegations were substantially sustained by the evidence.

The second count of the declaration alleged injuries to

Mr. King, and to his automobile, as well as damages for loss of the society, companionship and services of his wife, and claimed damages in the sum of $6,000.00.

The jury returned separate verdicts in favor of Mrs. King for $4,000.00 and for Mr. King, $1,500.00. Writ of error was taken from the final judgment entered on these verdicts.

The first question presented is whether or not the husband may join in one action under Section 4226, C. G. L. (2586 R. G. S.) a claim for damages for his own personal injuries and for damages to his property with his wife's action for damages for her personal injuries. Section 4226 provides in part that "In any action brought by a man and his wife for an injury done to the wife * * * the husband may add thereto claims in his own right. * * * "

Plaintiffs in error filed a demurrer and also a motion to strike the second count of the declaration, setting out as grounds therefor that "(a) A husband may not join in a suit brought by his wife a count which claims damages sustained only by the husband for his personal injuries and expense, as a result of the same collision in which the husband was also injured," and "(b) A husband may join with his wife's action for her personal injuries only such damage as the husband sustained as a proximate result of the injury to his wife." The trial court overruled both the demurrer and the motion.

In Walker v. Smith, 119 Fla. 430, 161 So. 551, the husband and wife were bringing an action for personal injuries to the wife, in which there was included two counts wherein the husband claimed $335.00 for damages to his automobile. The amount of damages asked by the husband for his property damage, not arising of course from the injuries done to the wife, was not enough to bring that

part of the action within the jurisdiction of the circuit court of Dade County and for this reason the demurrer to the counts seeking recovery by the husband for damages to his property was sustained by the circuit court and upheld by this Court. Had the husband in the case only claimed damages to himself proximately resulting from the wife's injuries, the opinion indicates that the demurrer thereto would have availed nothing. It was the fact that the husband's claim was for property damage, that is, damages *not* resulting from the injuries sustained by the wife, that manifestly prompted this Court to sustain the circuit court's action in eliminating on demurrer the two counts embodying the husband's claim for damages to his property. Thus, in the opinion of Mr. Justice BUFORD in that case, which was concurred in by all the members of the Court except the writer who in a special concurring opinion dissented on this particular point, it was said:

"Now as we construe this section it applies to causes of action for damages resulting from injuries done the wife.

"In the present suit counts one and two of the second amended declaration declare for damages in favor of the wife for injuries done to the wife, while counts three and four declare for damages accruing to the plaintiff therein named who happened to be the husband of the plaintiff named in the first and second counts for injury not to the wife but to an automobile and the amount of the damage alleged is too small to come within the jurisdiction of the Circuit Court of Dade County, but comes within the jurisdiction of the Civil Court of Record of Dade County.

"The same statute which authorized actions to be joined also authorizes separate action in respect to claims within the purview of the statute to be consolidated. Now, it could not possibly be logically contended that if the wife had filed

a suit in the circuit court for the damages which she is alleged to have sustained that the husband could have filed an independent suit in that court for damages to the automobile in the sum of $356.00 and maintain the suit in that court either as a separate action nor could he have had it consolidated with the suit of the wife and thereby brought it within the jurisdiction of the court. Nor could he have filed a separate suit in the Civil Court of Record that thereafter had that suit consolidated with a suit instituted by his wife in the circuit court.

"We do not hold that the husband could not under the statute here discussed have added to the declaration counts covering claims in his own right resulting from injuries done his wife whether the amount of such damages claimed by him for such injuries was greater or less than the amount which he seeks to recover in his own right in this case. In this case the injury to the wife has no bearing whatever upon the damage claimed for injuries done to the automobile and, therefore, the third and fourth counts of the second amended declaration were properly eliminated on demurrer."

Upon the authority of the opinion and decision in Walker v. Smith, *supra,* from which precedent the Court is not disposed to depart on this appeal, the trial court erred in overruling the said demurrer and motion to strike addressed to the second count.

It is contended, secondly, that there was no evidence of negligence on the part of plaintiffs in error. The evidence on this question, while in conflict, was such as to render the question one for the jury to decide, and was legally sufficient to support a finding for Mrs. King, and the jury having returned a verdict in her favor, we could not be warranted to set it aside. As to whether her husband was

guilty of contributory negligence, it is unnecessary for us to here decide. Mrs. King was entitled to recover, if without fault on her part, she suffered injury as a proximate result of the negligence of the defendants' bus driver, even though there was concurrent negligence on the part of her husband, which in some degree contributed thereto. The requested charges on the effect of the city ordinances appear to have omitted the consideration by the jury of this feature of the case, and we cannot hold the trial court in error for refusing them.

Plaintiffs in error very forcibly contend that the verdict in favor of Mrs. King was excessive, but the jury's verdict should not be lightly set aside in regard to a finding of this kind. We do not feel authorized to disturb the verdict in this respect.

For the reasons above set forth, the judgment of the circuit court in favor of Guy King must be reversed. The judgment in favor of Mrs. King is affirmed.

It is so ordered.

WHITFIELD, P. J., and BUFORD, J., concur.

TERRELL, C. J., THOMAS and CHAPMAN, J. J., concur specially.

THOMAS, J. (concurring specially).—I agree to the conclusion reached by a majority of the Court but with reference to that aspect of the case dealing with the consolidation of causes of action under statute, 4226, *supra,* I concur only because of the decision in Walker v. Smith, 119 Fla. 430, 161 South. Rep. 551.

It is my view that in the interest of expediting and simplifying litigation growing out of the same set of facts after final disposition of this case, a more liberal construction of the statute should be adopted, which I think is possible

without doing violence to any of the rights of the litigants or to a logical interpretation of that Act.

TERRELL, C. J., WHITFIELD, P. J., and CHAPMAN, J., concur.