STATE, *ex rel.* LILLY D. LARKIN, *et vir*, Relators, v. HONORABLE JOHN U. BIRD, Judge Circuit Court, Sixth Judicial Circuit, and WEBB'S CUT RATE DRUG COMPANY, INC., Respondents.

199 So. 758
Division A
Opinion Filed January 17, 1941

478

*J. Carl Lambdin* for Relators;

*Mabry, Reaves, Carlton & White* and *Bussey, Mann & Barton,* for Respondent.

THOMAS, J.—We have for consideration the motion of relators for a peremptory writ of mandamus directing the circuit judge to proceed with the trial of a common law suit stayed by him under the circumstances which we will describe.

The relators sued Webb's Cut Rate Drug Store for damages said to have been sustained because of a slippery floor in the building of the defendant, and after all testimony had been offered, a motion was presented by defendant for an instructed verdict in its behalf. Upon indication by the Court that the motion would be granted, the plaintiffs asked for a nonsuit which was consequently entered with judgment against them for costs. The suit was refiled and the circuit judge ordered that it be stayed until the judgment had been satisfied.

When the Court was asked to hold the second action in abeyance the plaintiffs filed an affidavit representing that they were insolvent; disclaiming any vexatious purpose in renewing the suit, and claiming that new evidence in support of their claim had been discovered.

There is no doubt that the first and second suits pertain to the same cause of action and that the relators cannot have the question settled by writ of error as the order is not a final judgment. It is conceded that the principal has not been considered by this Court and that authorities to guide us must be found in the opinions of the Courts of other states.

Under Section 4 of the Declaration of Rights of our State Constitution, the courts were open to provide relators remedy for any injury done them and they were guaranteed that right and justice should "be administered without sale, denial or delay." In the first trial of their case they availed themselves of these constitutional privileges and when they had presented the evidence upon which they depended to secure redress the judge ruled it insufficient, a judgment in favor of their adversary resulting. As a consequence the payment of costs fell to their lot.

Can they now rely upon these provisions of the organic law to gain another trial under the circumstances and because of their representations of insolvency or inability to pay the amount of the adverse judgment?

In contending for this right they, through their counsel, state with candor that the burden of overcoming the presumption that the second action is vexatious is theirs. They insist that they have successfully borne it by their affidavit which we will presently analyze.

After remarking briefly upon the origin of the rule requiring payment of costs before an identical suit is re-instituted, the authors of American Jurisprudence (14 Am. Jur., Costs Sec. 90), state that an order staying the second action rests upon the court's discretion and will not be disturbed unless it is tainted by abuse. It is also announced in this work that vexatiousness must appear and will be held to be present unless the suitor shows the contrary. Of

similar import is the exposition of the subject in Corpus Juris (20 C. J. S., Costs, Sec. 426).

The Supreme Courts of several States have dealt with the subject, among them: Indiana (Lake Agricultural Co. v. Brown, 114 N. E. 756); Missouri (Fox v. Jacob Dold Packing Co., 70 S. W. 164); Wisconsin (Gierczak v. Northwestern Fuel Co., 125 N. W. 436); and Iowa (Camp v. Chicago Great Western Ry. Co., 99 N. W. 735).

We proceed now to an examination of the affidavit of relators which they claim dispels the presumption that their second attempt to recover is vexatious and we bear in mind, meanwhile, two important elements, namely, the discretion, or abuse of it, and the circumstances peculiar to this controversy for we have the impression from our examination of the cases cited to us that these factors control when once it is established that the suits are identical and the costs of one are unpaid.

Thus there was a presumption against the plaintiffs and we must determine whether the circuit judge abused his discretion when he found that it was not set at nought by the affidavit.

Their sworn statement was that they were insolvent and had no property "out of which to pay a judgment for costs" ($128.30) and that the second suit was brought in good faith and not to annoy or harass the defendant. Further they swore that since the nonsuit they had learned of three other persons who were injured about the same time in the manner and at the place alleged in their declaration. This additional testimony they believed would result in a verdict in their favor at another trial.

With their position we cannot agree. The testimony which they discovered was merely cumulative and if the court felt that one person injured in a certain manner could

not recover, there would be no logic in concluding that there would be liability because three other persons were injured about the same time in the same fashion. If the plaintiffs wholly failed to prove their case, three other witnesses testifying that they, not the plaintiffs, suffered injury under similar conditions on the same day at the same place would hardly be evidence so valuable as to justify a different conclusion on the part of the trial judge, or the suggestion that they could be produced of such importance as to rebut the presumption of vexatiousness. It is pertinent to observe that no excuse whatever was given for failure to produce such witnesses at the first trial and no attempt was made to show why other available persons could not have testified to the same facts.

It is true that they claim insolvency and lack of any property out of which a judgment for approximately $100 could be satisfied, but that doesn't convince us, and evidently didn't satisfy the trial judge, that they were unable to produce that comparatively small amount to enable them to present again to the court and jury a suit which they insisted was meritorious.

We find no abuse of discretion on the part of the circuit judge and have the conviction that he properly granted the stay.

In so ruling he did nothing to affect leastwise the rights given the plaintiffs under the organic law we have quoted for the court was open to them and they had their "remedy by due process of law". When the judge heard the motion for a directed verdict he observed that it was a "very unfortunate circumstance but I can see no negligence on the part of the defendant at all." He ruled fairly, with regret that he should instruct the verdict against the plaintiffs but with regard for the rights of the defendant. His obligation was to see equal justice done. He performed that duty

and we find nothing in his official actions to warrant inter-ference by us. Shear v. Box, 8 So. 793.

The motion for peremptory writ notwithstanding the return is denied and the cause is dismissed.

TERRELL, C. J., BUFORD and ADAMS, J. J., concur.