**C. F. BLOOMHUFF v. THE MIAMI JOCKEY CLUB, INC.**

7 So. (2nd) 447          En Banc

April 14, 1942

Arthur S. Friedman, for appellant;
Murrell & Malone, for appellee.

PER CURIAM:

On February 28, 1941, plaintiff in error, plaintiff below, took a non-suit in the Circuit Court of Dade County in an action at law against the Miami Jockey Club. A judgment in favor of defendant for costs was rendered in the sum of $284.00. The non-suit was requested before trial had commenced, but, after objections to certain interrogatories made by the plaintiff had been sustained, without the answers to which, he asserts, it would have been useless for him to have gone to trial.

On March 3, 1941, plaintiff filed suit in the Civil Court of Record of Dade County on the identical cause

of action and against the same defendant, claiming damages sufficiently reduced from the amount formerly claimed to give the Civil Court of Record jurisdiction. Defendant moved the Court to stay the proceedings until the judgment for costs of the Circuit Court in the previous action had been satisfied. Execution on said judgment had been returned nulla bona. An affidavit of plaintiff's counsel certified that the action was not vexatiously brought, that plaintiff was without funds to pay the outstanding judgment for costs and recited the facts preceding the taking of the non-suit in the previous action. Defendant's motion to stay the proceedings was denied and the cause was ordered to proceed.

Defendant thereupon petitioned the Circuit Court of Dade County for a writ of certiorari directed to the order of the Civil Court of Record denying defendant's motion to stay proceedings until the payment of the judgment for costs. On July 1, 1941, the Circuit Court granted the writ and entered an order quashing the order of the Civil Court of Record until the judgment for costs had been paid.

Plaintiff then petitioned this Court for a writ of certiorari to review the order of the Circuit Court. An order was entered here that the proceedings in this Court on certiorari would be considered as if proceedings by writ of error. The cause is now before the Court on an appeal at law by writ of error from the orders of the Circuit Court on certiorari to the Civil Court of Record.

In the recent case of Kilgore v. Bird (opinion filed Feb. 24, 1942) it was held that the authority to issue the writ of certiorari to review an interlocutory order entered by a Circuit Court in a law cause was within

the sound judicial discretion of this Court, where the order attacked was entered without authority or the essential requirements of the law were violated, causing material injury, and no other adequate appellate review is afforded by law. This holding affords relief in those extraordinary cases where the remedy guaranteed by Sec. 4, Declaration of Rights, Constitution of Florida, for injury done a person in his lands, goods, person or reputation is insufficiently afforded by the more common form of procedure. The Supreme Court has not only the right but the duty in its discretion to afford this relief by common law writ of certiorari where none other is sufficient, even in reviewing interlocutory orders at law.

It need not here be determined whether the ruling in the Kilgore case applies to the Circuit Courts in the exercise of their appellate jurisdiction so that they may issue the common law writ of certiorari, within their discretion, to review an interlocutory order of a Civil Court of Record where that order is without authority or the essential requirements of the law have been violated, causing an injury for which no other adequate review is afforded. Here the issuance of the writ by the Circuit Court was an abuse of any discretionary power it may have. The order sought to be reviewed by the writ of certiorari was itself a discretionary order subject to review by a superior court only on a showing of abuse of discretion. State ex rel. Larkin v. Bird, 145 Fla. 477, 199 So. 758. No such abuse of discretion by the Civil Court of Record is here shown. An uncontested affidavit was filed in that court denying that the suit was vexatiously brought and asserting that the plaintiff was unable to pay the existing judgment for costs. It is true that this affida-

vit was made by plaintiff's attorney rather than by plaintiff himself, but this alone is not sufficient to entitle the Circuit Court, or this Court, to condemn the action of the Civil Court of Record which had all the facts before it, as an abuse of discretion under the facts shown by the record.

The orders of the Circuit Court on writ of certiorari should therefore be reversed.

So ordered.

WHITFIELD, TERRELL, BUFORD and ADAMS, JJ., concur.

BROWN, C.J., CHAPMAN and THOMAS, JJ., concur in conclusion.

CHAPMAN, J., concurring in conclusion only:

In the case of Kilgore v. Bird, filed February 24, 1942, and cited in the case at bar, I was unable to agree thereto, because the scope of the functions of the writ of certiorari was so extended as to exceed the previous holdings of this Court in such matters. I joined in a dissenting opinion prepared by Mr. Justice Brown, in which I dissented to an extension of the rule on the theory that the extension was not supported by the previous decisions of this Court. While I cannot agree to the opinion in the case at bar, I do agree to the conclusion reached.