**MARY E. BERNHART and CHARLES BENRHART, her husband, v. ROBERT PEEBLES and CRYSTAL M. PEEBLES.**

14 So. (2nd) 722                            June Term, 1943
July 20, 1943                                   En Banc
Rehearing Denied August 3, 1943

*John E. Lake* and *Will O. Murrell,* for appellants.

*Edward McCarthy, Jr.,* and *McCarthy, Bond & Lane,* for appellee.

PER CURIAM:

Mary E. Bernhart and husband, Charles Bernhart, instituted a common law action in the Civil Court of Record of Duval County, Florida, against Robert James Peebles and Crystal M. Peebles, to recover damages sustained for the negligent operation of an automobile. The declaration alleged permanent injuries sustained by Mary E. Bernhart. The husband, Charles Bernhart, sought a recovery for consortium losses and the further sum of $142.20 as damages to the automobile owned by the husband in which the plaintiffs were riding when the collision occurred.

On May 8, 1943, Honorable Burton Barrs, Judge of the Civil Court of Record, entered an order granting a motion to strike from the declaration language viz: "and plaintiff's automobile which was then and there being operated by plaintiff Charles Bernhart and was the property of said plaintiff, was wrecked and damaged in the sum of $142.20."

Plaintiffs, by petition for a writ of certiorari, sought an order of the Circuit Court of Duval County quashing the order of the civil court of record dated May 8, 1943, striking from the declaration the language quoted *supra*, thereby denying the plaintiff husband the right of recovery in said suit for the loss and damage sustained to his automobile. The circuit court, on May 27, 1943, entered an order denying the petition for a writ of certiorari and bottomed its holding

on the recent case of Patten v. Daoud, 152 Fla. 448, 12 So. (2nd) 299.

The original plaintiffs in the civil court of record perfected an appeal from the order of the circuit court to this Court and assigned as error the order of the circuit court dated May 27, 1943, denying the petition for a writ of certiorari. Appellees, by an appropriate motion, seek a dismissal of the appeal on grounds: (a) that the order sought to be reviewed is not a final judgment or order; (b) that it has not been shown by the appellants that the circuit court abused its discretion; (c) that the circuit court followed a binding of this Court; (d) that the appeal is not prosecuted to correct an abuse of discretion exercised by the circuit court, but to get the Supreme Court of Florida to depart from its own recent precedent.

The Court being fully advised in the premises, it is our view that the motion to dismiss is well founded in law, and, upon consideration, the motion to dismiss the appeal should be and is hereby granted on ground (a).

It is so ordered.

BROWN, THOMAS, SEBRING and ADAMS, JJ., concur.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., dissent.

CHAPMAN, J., dissenting:

The question here presented is whether or not the husband may join in one action under Section 4226 C.G.L., a claim for damages to his property with his wife's action for damages for her personal injuries. In the case of Walker v. Smith, 119 Fla. 430, 161 So. 551, we held that the husband could not recover damages to his property in the same action with his wife where she sought to recover damages for personal injuries sustained. Justice BROWN filed a dissenting opinion on the controverted point.

The case of Mansfield v. King, 142 Fla. 650, 195 So. 700, involved the identical question and we held that the question was settled by this Court in our holding in Walker v. Smith, *supra*. Justices TERRELL, WHITFIELD and CHAPMAN concurred in the following language expressed by Mr. Justice THOMAS in Mansfield v. King, *supra*. (text 142 Fla. 655):

"I agree to the conclusion reached by a majority of the Court but with reference to that aspect of the case dealing with the consolidation of causes of action under statute, 4226, *supra*. I concur only because of the decision in Walker v. Smith, 119 Fla. 430, 161 South. Rep. 551.

"It is my view that in the interest of expediting and simplifying litigation growing out of the same set of facts after final disposition of this case, a more liberal construction of the statute should be adopted, which I think is possible without doing violence to any of the rights of the litigants or to a logical interpretation of that Act."

If the same strain of justice is administered in the case at bar as was done in the case of Bloomhuff v. Miami Jockey Club, Inc., 150 Fla. 411, 7 So. (2nd) 477, then the motion to dismiss will be denied and the appeal perfected here heard in an orderly manner on its merits. I think the motion to dismiss should be denied under the authority of Bloomhuff v. Miami Jockey Club, Inc., *supra*.

BUFORD, C. J., and TERRELL, J., concur.