MORROW, R. O., Associate Judge.
This suit was brought by the appellee, pursuant to Chapter 742, of the Florida Statutes, F.S.A., to determine the paternity of her minor child. The issue was tried by jury and a verdict rendered in favor of the appellee and against the appellant, William Murray. The court entered its Final Decree adjudicating the appellant to be the father of said minor child, and fixing the amount which the appellant should pay for the support of such child, and fixing attorney’s fees for appellee’s attorney. Thereafter notice was served on appellant in care of his attorney that a hearing would be held on the question of attorney’s fees, court costs, and the amount of support money for said minor child. The record does not disclose that such hearing was held or was not held. Subsequently the appellant was personally served with the court’s order to show cause why he should not be adjudged in contempt of court for failure to comply with the. Final Decree. Thereafter the court entered its order adjudging the appellant in contempt of court for failure to comply with said Final Decree, and adjudicated a jail sentence upon the appellant.
*426 The appellant raises several questions, the first contention being that the court erred in entering the Final Decree referred to, without conducting a hearing on the ability of the appellant to support the child in question. Due notice having been served upon the appellant for such a hearing, and the court finding in the Final Decree that the court has jurisdiction over the subject matter and the parties, and there being nothing in the record to indicate that proper procedure was not followed, this court must assume that the Chancellor acted pursuant to law in ordering the payment of support money, court costs, and attorney’s fees.
It is pointed out that Florida Statute, F.S.A. § 742.041, makes it mandatory for the court to order the father in a paternity case to pay monthly support for the child, and fixes the amount. Such amounts may be increased or reduced, depending upon the circumstances and the ability of the father, thus in the event there has been no hearing (which is not found to be the case here), the father may seek a reduction or modification of the support order.
 Another contention of the appellant is that the verdict and the Final Decree based thereon are contrary to the weight of the evidence. The law is well established that, if there is sufficient competent evidence upon which the jury could have found the verdict rendered, the court is without authority to disturb such verdict. The record reveals such evidence in this case, and we are obliged to let the verdict stand. It should be pointed out that this question could have been disposed of without opinion, in that the sufficiency of the evidence was not raised in the lower court, there being no motion, for a directed verdict and no motion for a new trial. The sufficiency of the evidence to sustain the verdict will not be considered on appeal, unless first raised on a motion for new trial, and then appropriately assigned as error thereunder. Red Top Cab & Baggage Co. v. Grady, Fla.App.1958, 99 So.2d 871.
The other questions raised by the appellant were with reference to the adjudication of contempt and the motions for continuance. We do not find that the Chancellor abused his discretion or committed error in his order of contempt or his ruling on said motions.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.