BARKDULL, Judge.
This is an appeal by appellant, defendant below, from a jury’s verdict and judgment in favor of the plaintiff, in a suit to recover compensation due under an employment agreement.
The appellant has raised several points on appeal, among which are: improper testimony relative to a proposed settlement, misstatements in closing summation by counsel for the plaintiff, failure to permit introduction of documentary evidence at the time of the trial which was not submitted at the pre-trial conference, and insufficiency of the evidence to support the verdict. Upon examination of the record, these points raised have failed to convince us of any error of the proceedings in the trial court.
The complained of statements, relative to settlement, occurred at the time the officers and agents of the defendant notified the plaintiff that he was discharged, at which time he immediately demanded an accounting of the monies due him. Whereupon said officers tendered to him $500 *860 upon the execution of a general release. This occurred immediately upon the discharge and prior to either side employing any counsel and, obviously, prior to any law suit being instituted, and does not come within the general prohibition against statements as to compromise and settlement but was admissible as events and circumstances surrounding the discharge as res gestae to the discharge. Hood v. French, 37 Fla. 117, 19 So. 165; 13 Fla.Jur., Evidence, § 274.
 In the closing summation, counsel for the plaintiff may have inadvertently mis-stated the evidence, but from an examination of the entire case it does not appear that the error complained of has resulted in a miscarriage of justice. Therefore, it constitutes no more than harmless error. 2 Fla.Jur., Appeals, § 360; F.S. § 54.23, F.S.A. As to the failure of the trial court to permit the documentary evidence to be introduced at the time of the trial, which had not been identified at the pre-trial conference, no abuse of discretion was shown. It is evident that the documents were in the possession of the defendant or its counsel prior to the pre-trial conference and it could have reasonably been anticipated that they would have been needed at the time of the trial. If it had been demonstrated that the documents were not available prior to the pre-trial conference, or the trial court in its discretion had found that their use could not have been anticipated, the trial court might have been correct in a different ruling. See on this subject Rose v. Yuille, Fla.1956, 88 So.2d 318.
The appellant has attempted to raise the sufficiency of the evidence to support the verdict. This case was tried before a jury, and the record fails to disclose that any motion for directed verdict or motion for new trial was filed asserting this as a ground for new trial. Therefore, the question of the sufficiency of the evidence before the jury has not been appropriately brought to this court. Murray v. Murray, Fla.App.1960, 117 So.2d 425; 2 Fla.Jur., Appeals, §§ 70, 71.
Therefore, for the reasons stated, the final judgment is affirmed.
Affirmed.